LILES, Acting Chief Judge.
Appellee, Arnold F. Kurzinger, entered into an agreement with appellant, Oceanada Corporation, concerning the redemption of certain stock, which agreement was dated September 11, 1969. The agreement contained, among other things, the following paragraph:
“(3) Two Hundred (200) days from .the date hereof, OCEAN agrees to redeem for cash all or any part thereof from the STOCKHOLDERS, individually or collectively all the authorized but unissued stock now held by them for the sum of Four ($4.00) Dollars per share. Said options shall be at the sole discretion of the STOCKHOLDERS and shall remain open for a period of ninety (90) days at which time the said offer shall terminate. . . . ”
Appellee Kurzinger attempted to exercise this option by letter dated May 11, 1970, some 242 days from September 11, 1969, the date of the contract. Appellant failed to respond to the letter and Kurzinger brought suit in the circuit court and obtained a summary judgment in the amount of $20,-700.
We have examined the key paragraph, i. e., paragraph (3) as quoted above, and conclude that‘it is ambiguous and lends itself to more than one interpretation. It does not appear reasonable that the agreement should be construed as the trial judge obviously construed it — that Kurzinger had to do something affirmative within 200 days, but thereafter had an additional 90 *555 days in which to, in fact, notify the corporation that he wished them to redeem the stock.
It could he said that Kurzinger, within 90 days after the execution of the agreement, had to notify Oceanada that he wished them to redeem the stock. Ocean-ada then would have had the balance of the 200 days in which to redeem the stock. Such a construction would make the 90 days the critical period but since this case was decided on summary judgment we have no evidence to support or attack such construction.
The contract requires that the stock to be redeemed is authorized but unissued stock. From plaintiff’s complaint it appears that the stock had, in fact, been issued; however, this was a summary judgment and the record does not reflect such. This answers appellant’s point two on appeal.
Appellant’s third point is meritorious for the reason that we are unable to determine from the record the number of shares to be redeemed. The transfer agent for Oceanada was empowered and directed to issue 4000 shares of stock to Kurzinger although he now makes claim for 5175 shares. If, in fact, Oceanada owes Kurzinger any money, we cannot determine whether it is for the value of 4000 shares or the value of 5175 shares.
Therefore, we must conclude that the contract between Kurzinger and Ocean-ada is patently ambiguous and is not properly disposed of by summary judgment. The amount of stock issued or unissued is not clear; and the amount owed, if any, is in doubt.
For these reasons the summary judgment was improperly issued and we remand for action consistent with this opinion.
HOBSON an.d BOARDMAN, JJ., concur.