503 So.2d 444 (1987)
Bobbie Rae FRAZIER, Agnes A. Wright, James Landfear, and Virginia Landfear, His Wife, Appellants,
v.
Eugene L. SCHENCK, Jr., and Mary Anne Schenck, His Wife, Appellees.
No. 86-962.
District Court of Appeal of Florida, Second District.
March 4, 1987.
*445 Andrew D. Argintar, Tampa, for appellants.
James L. Redman and Elizabeth S. Wheeler of Trinkle, Redman, Alley & Moody, P.A., Plant City, for appellees.
SCHEB, Acting Chief Judge.
Appellants, plaintiffs in the trial court, filed suit against the defendants, the Schencks, seeking damages or enforcement of their claimed rights to an easement over the defendants' land.
Defendants and others recorded a plat of the Welikit Retreat Subdivision in Hillsborough County in 1964. The following year they conveyed Lot 3 of that subdivision by warranty deed to Nathaniel D. Sollers and his wife, Ethel M. Sollers. The conveyance contained the following language: "TOGETHER with an easement for egress and ingress in common with the other property owners in Welikit Retreat, Plat Book 39, page 56, over and across the following described property, to-wit:... ." The grant then described land owned by the defendants.
In their amended complaint, plaintiffs Landfears contended they had easement rights as successors to the defendants' grantees, while plaintiffs Frazier and Wright claimed such rights by virtue of owning other lots within Welikit Retreat Subdivision. All plaintiffs alleged the defendants represented to plaintiffs' predecessors in interest that the lots they now own would be provided an easement for ingress and egress to a lake on adjoining property outside the subdivision. The plat itself, they explained, established a portion of the necessary easement, with the easement described in the deed to Sollers et ux. providing the remaining ingress and egress required for plaintiffs to have access to the lake. Plaintiffs also alleged they have used such claimed easements as a means of ingress and egress for recreational purposes until being barred by defendants about March 1985.
Defendants conceded the validity of the plat and deed but generally denied the plaintiffs' other allegations and affirmatively defended on the ground that no written instrument named the plaintiffs as grantees of any easement rights over the defendants' property.
Plaintiffs moved for summary judgment. They accompanied their motion with affidavits attesting to their ownership of lots in *446 Welikit Retreat Subdivision and the extent of their use of the claimed easements. Defendants also moved for summary judgment contending that their 1965 deed only created a license in favor of the grantees therein named. Their motion was accompanied by an affidavit from Defendant Eugene L. Schenck, Jr. He stated that "it was not the Affiant's intent to create an interest which would exist in perpetuity and run with the land."
The trial court "having examined the pleadings and affidavits on file" found there was no material issue of fact, denied the plaintiffs' motion for summary judgment, and granted summary final judgment for the defendants. The trial court's judgment makes no explication of the issues and no conclusions of law. This appeal by the plaintiffs ensued.
Plaintiffs urge that assuming the trial judge concluded the defendants' 1965 deed was ambiguous, the court erred by resolving such ambiguity simply on the basis of defendant Schenck's affidavit of his intent. Defendants counter that there was no genuine issue of material fact because the plaintiffs filed no counter affidavit contesting the representation Schenck made in his affidavit.
We think the court should have made a determination whether the defendants' 1965 deed created an easement appurtenant to the land or merely a personal right in favor of the grantees in that deed. Moreover, it should then have determined whether the easement, if created, granted rights to other lot owners in Welikit Subdivision. We are unable to determine that either of these issues was resolved in the trial court.
While this case may become ripe for a summary judgment, we think that its entry was premature. At the posture of the case when the summary judgment was entered, the record was insufficient to justify termination of the litigation. As defendants' memorandum of law filed with the trial court points out, "substantial question exists as to whether the interest initially transferred to the Sollers constituted an easement appurtenant, or was merely an easement in gross or a license which was nontransferable or transferable only by express assignment."
If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, summary judgment is inappropriate. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979). Also, the mere fact that both the plaintiffs and defendants moved for summary judgment did not require the court to conclude there was no genuine issue of material fact. See Shaffran v. Holness, 93 So.2d 94 (Fla. 1957); First Mortgage Corp. of Stuart v. deGive, 177 So.2d 741 (Fla. 2d DCA 1965). Furthermore, if, as appellants suggest, the trial court attempted to resolve a question of ambiguity of the language in the deed creating easement rights, that move would not be susceptible to resolution on summary judgment. Oceanada Corp. v. Kurzinger, 277 So.2d 554 (Fla. 2d DCA 1973). We reject the defendants' contention that the unrebutted affidavit of Schenck setting forth his subjective intent is determinative that the easement granted in the deed to Sollers et ux. was personal between the parties to the deed.
Neither the defendants' motion, the affidavits before the trial court, nor the court's judgment enlighten us sufficiently to hold that there was a basis for entry of summary final judgment for defendants. Therefore, we deem it prudent to reverse so as to permit the true facts to be developed. See Buckel Corp. v. Fidelity & Deposit Co., 370 So.2d 824 (Fla. 2d DCA 1978).
Accordingly, we vacate the summary final judgment and remand for further proceedings in the trial court.
FRANK and SANDERLIN, JJ., concur.