593 So.2d 1203 (1992)
Alice M. TROUETTE, Appellant,
v.
James Edward REYNOLDS, Appellee.
No. 91-1015.
District Court of Appeal of Florida, Fifth District.
February 21, 1992.
Joseph D. McFarland, St. Petersburg, for appellant.
E. Peyton Hodges of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
PETERSON, Judge.
Alice M. Trouette appeals a final judgment of dismissal with prejudice granted after James Edward Reynolds, the defendant below, moved for a directed verdict at the close of the presentation of Trouette's case in chief. The judgment of dismissal included a finding that Trouette was the sole proximate cause of an accident involving the parties' motor vehicles. We reverse.
Trouette was operating a station wagon that was pulling a small cargo trailer when she turned into the path of and was struck by an 18-wheel tractor trailer truck combination operated by James Edward Reynolds. The accident occurred during daylight hours with normal visibility at the intersection of U.S. 27 and the Florida turnpike in Lake County. Trouette was southbound on U.S. 27, came to a stop in the left-turn lane of the intersection that is controlled by a flashing yellow light for both northbound and southbound travelers, observed Reynolds' 18-wheel truck, and believing that he was "far enough for me to cross the road," proceeded into his path where the vehicles collided. When she was later asked whether her prediction of having enough time to cross the northbound lane before Reynolds crossed the intersection was wrong, she responded, "I guess so. I, I was in the hospital."
Reynolds testified that Trouette drove her vehicle in front of his truck and that he tried to miss her by steering the truck over to the right shoulder of the road where the collision took place. During cross-examination, Trouette's attorney attempted to determine from Reynolds the first time he observed Trouette's vehicle. His response indicated that he did not recall, that he saw her just when she pulled out in front of him and that he "looked up and she was there."
Expert witnesses testified that Reynolds did not appear to be speeding, that vehicles *1204 taking Trouette's path after a stop in the left-turn lane took from four to six seconds to traverse both northbound lanes of U.S. 27, and that normal reaction time after recognizing danger is three-fourths of a second. The expert witnesses also testified that, if the driver of the truck had been able to perceive the danger four and a half seconds prior to impact and had applied his brakes within a second and a half, the accident still would have occurred, but only the cargo trailer, not Trouette's car, would have been hit.
Reynolds' candid testimony that he did not remember when he saw Trouette and that he looked up and saw her in his path, coupled with the testimony that the accident could not have been avoided in any event, raised issues to be resolved by a factfinder as to whether the damages that were sustained could have been reduced by a driver using the ordinary care of a reasonable, prudent driver in similar circumstances. The factfinder must also be given the task of determining whether and when a reasonable, prudent driver should have first noticed Trouette's negligent operation and when and what evasive action should have been taken. While there is no question that Trouette was negligent, the facts of this case and Florida's adoption of the rule of comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), require the factfinder to determine the respective degree of negligence on the part of each of the drivers.
We recognize that courts may rule as a matter of law that a driver's response to a crisis measures up to that of a driver of ordinary competence acting under similar circumstances. In Hormovitis v. Mutual Lumber Company, 120 So.2d 42 (Fla.2d DCA), cert. denied, 123 So.2d 676 (Fla. 1960), the plaintiff driver of a gas truck had run through a stop sign and had tried to clear the intersection ahead of the defendant's truck after he discovered that both the foot brakes and the emergency brake were inoperable. The defendant truck driver stated that he saw the plaintiff's gas truck run the stop sign and pull out in front of him without slowing down. The defendant's truck left eight feet of skid marks on the pavement. The plaintiff stated by affidavit that he saw the defendant's truck when it was approximately 100 feet away and that he estimated the speed of the truck at about thirty-five miles per hour. The district court, in affirming the summary judgment in favor of the defendant, noted that the defendant driver had only 1.8 to 2.0 seconds to take evasive action in an attempt to avoid a collision.
It should be noted that Hormovitis was decided when contributory negligence was a complete bar to a plaintiff's recovery. In Dent v. Casale, 358 So.2d 1101 (Fla.3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978), decided after Florida's adoption of contributory negligence, the supreme court reversed a directed verdict. The court held that a sufficient question for the jury was raised as to the defendant's negligence where the defendant, traveling toward a green light, observed the plaintiff's car enter and take the proper position in a left-turn area but paid little further attention to the car and did not notice it again until just prior to the collision. The plaintiff in Dent stated that she saw the defendant's vehicle "way down the road" before making the turn. In the instant case, Trouette's testimony indicated that she thought the truck was far enough down the road for her to cross the intersection, while Reynolds was able to recall only that, when he looked up, Trouette was in his immediate path. Moreover, an expert stated that vehicles which begin from a complete stop require four to six seconds to clear the intersection, and he implied that Trouette's heavy station wagon with attached cargo trailer may have taken as long as five to six seconds.
It is the factfinder's task to determine whether a driver's failure to maintain a lookout or to exercise reasonable care and caution commensurate with all of the circumstances is a proximate cause of injuries received by one who negligently places oneself in a perilous position. Hoffman; *1205 Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956). Although Reynolds, like any other driver, had a right to assume that Trouette would obey the law and exercise due care to avoid the accident, Wagner v. Willis, 208 So.2d 673 (Fla.2d DCA 1968), the question whether Reynolds himself exercised due care to avoid the accident was for the jury.
We vacate the final judgment of dismissal with prejudice and remand for further proceedings.
Judgment VACATED; REMANDED.
DAUKSCH and W. SHARP, JJ., concur.