GOSHORN, Judge.
Bobby McPherson appeals the final summary judgment entered in favor of Theodore L. Mack arising out of their involvement in a three-car automobile accident. McPherson asserts that the court erred in granting summary judgment in favor of Mack because material issues as to how the accident occurred were in dispute. We reverse.
*1022 The uncontested facts are as follows. On June 21, 1991, McPherson, Mack, and Ashley Metz were travelling in that order on Highway 50 in Orlando, Florida, when they were involved in a three-car accident. McPherson stopped at a traffic light at the intersection of Highway 50 and Highland Avenue. Mack, who was driving a van, stopped immediately behind McPherson. Metz was approaching the light when the impact took place.
However, the parties contest the circumstances surrounding the manner in which the accident occurred. Mack’s affidavit stated that his vehicle was stopped at the light when Metz’s vehicle struck his, and further that this impact thrust his van forward into McPherson’s vehicle. Metz’s version of the incident is contrary to Mack’s rendition. In answers to interrogatories, she stated that Mack’s van had proceeded into the intersection and came to a sudden stop. She claimed that it was not until then that she hit the van.
The conflicting facts as to which vehicles were in motion when the accident occurred creates a reasonable inference that Mack could be at least partially responsible. Trouette v. Reynolds, 593 So.2d 1203 (Fla. 5th DCA 1992); Wallace v. Rashkow, 270 So.2d 743 (Fla. 3d DCA 1973). Accordingly, the trial court erred in granting Mack’s motion for summary judgment. See Moore v. Moms, 475 So.2d 666, 668 (Fla.1985) (if evidence on summary judgment will permit different reasonable inferences the case should be submitted to the jury); Frazier v. Schenck, 503 So.2d 444, 446 (Fla. 2d DCA 1987) (if record reflects the possibility of any issue of material fact, summary judgment is improper).
REVERSED and REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs specially, with opinion.