672 So.2d 646 (1996)
Jose BUITRAGO, as Personal Representative of the Estate of Maria Buitrago, deceased, and Jose Buitrago, individually and as parent and next friend of his minor children, Marlene Rosario, Jose Antonio Buitrago, Jr., and Patricia Eugenia Buitrago, and Guido Silva and Gladys Silva, individually and as Parents and next friends of their minor children, Jose Guido Silva, Jr., and Javier Silva, Appellants,
v.
Chuck ROHR and Donovan Entertainment, Inc., a Florida corporation d/b/a Blockbuster Video; and Blockbuster Video, Inc., a Texas corporation; and Jeff Allan Woodward, Appellees.
No. 95-0154.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
*647 Douglas Blankman of Kopelman & Blankman and Stephen Rakusin of Stephen Rakusin, P.A., Fort Lauderdale, for Appellants, Guido Silva and Gladys Silva, et al.
Dennis A. Koltun of Dennis A. Koltun, P.A., Miami, and Patricia A. Talisman of Russo & Talisman, P.A., Coconut Grove, for Appellants, Jose Buitrago, et al.
John R. Hargrove, Paula Revene and W. Kent Brown of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, for Appellee-Donovan Entertainment, Inc.
Angela C. Flowers of Kubicki Draper, Miami, for Appellee-Blockbuster Entertainment Corp.
KLEIN, Judge.
The trial court granted defendant's motion for summary judgment in this case, but did so reluctantly because of its perception that most summary judgments are reversed. Although it might appear from reading appellate court opinions that this is so, we believe that it is a misconception. First, we know from our experience that a large number of summary judgments are affirmed without opinion because they are entered in cases which are so lacking in merit that an opinion would serve no purpose. Second, many are not appealed in the first place.
In the present case, Chuck Rohr caused a death and two severe injuries in an automobile accident. Rohr owns a company named Canary Enterprises, Inc., which is in the business of using hot air and cold air balloons to advertise other people's businesses.
Rohr, who lived in Fort Lauderdale, had entered into an agreement with the owner of some Blockbuster franchises, Donovan Entertainment, for advertising with balloons during the weekend of a springtime festival in Tallahassee. Donovan agreed to pay Rohr $1,500 to cover everything.
Rohr participated in a hot air balloon ride in the festival on Saturday; installed a cold air balloon displaying Blockbuster's name over a Blockbuster store; and later that day installed the cold air balloon to be displayed at a college baseball game at the request of a Donovan employee. Following the game, Rohr took the balloon down and drove back to his motel. As he was turning into the parking lot, he pulled into the path of an oncoming vehicle causing the accident.
In this suit, plaintiffs named Donovan Entertainment as a defendant on the theory that Rohr was acting as Donovan's agent at the time of the accident. The trial court granted Donovan's motion for summary judgment because Rohr was an independent contractor, and plaintiffs appeal.
In Cantor v. Cochran, 184 So.2d 173 (Fla.1966), the court adopted the 10-factor test contained in section 220 of the Restatement (2d) of Agency, for determing whether a party is an independent contractor or an employee:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

*648 (d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether the work is part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
The first factor, the extent of control over the details of the work, is the most significant. Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA), rev. denied, 515 So.2d 230 (Fla.1987), and cases cited therein. In the present case, the only control exercised by Donovan over Rohr was to tell him where the cold air balloons should be displayed and approximately when. The amount of control over the details of the work in the present case is less than the amount of control the furniture company had over the carpet installer in Kane, in which the second district reversed a jury verdict and held that the trial court should have granted the furniture store's motion for summary judgment.
The second factor, whether the businesses are distinct, also favors Donovan. Rohr's company was incorporated, had its own employees, had numerous other clients besides Donovan, and was engaged in a business which was entirely different from Donovan's business. Nor do any of the other factors assist plaintiffs.
Although the trial judge was at first hesitant to grant Donovan's motion, he ultimately did, noting that this was one of the few cases he had seen in 17 years on the bench which "cried out" for a summary judgment. We agree. Once discovery revealed the nature of Rohr's business and his relationship with Donovan, the claim against Donovan should have gone no further. As Justice Sundberg explained in Landers v. Milton, 370 So.2d 368, 370 (Fla.1979):
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.
The granting of Donovan's motion for summary judgment here not only saved Donovan the expense of going through a trial when it had no legal exposure, but also eliminated an unnecessary issue, agency, from the trial, and left the parties remaining in the case with a more accurate picture of financial responsibility which should facilitate settlement.
Affirmed.
PARIENTE and GROSS, JJ., concur.