805 So.2d 975 (2001)
Carl SMITH, Appellant,
v.
FRONTIER COMMUNICATIONS INTERNATIONAL, INC., Appellee.
No. 2D00-4082.
District Court of Appeal of Florida, Second District.
November 28, 2001.
*976 Robert K. Robinson and Charles D. Bailey, III of Bowman, George, Scheb, Toale & Robinson, Sarasota, for Appellant.
John R. Hargrove, W. Kent Brown, and Dana McElroy of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for Appellee.
SILBERMAN, Judge.
Carl Smith appeals the final summary judgment that was entered against him for damages arising from his personal guaranty. We reverse because genuine issues of material fact remained in dispute, precluding summary judgment.
In 1996, Frontier Communications International, Inc., entered into an agreement to provide prepaid calling card services to another company. The other company then assigned its rights and obligations under the agreement to Catalyst Communications, Inc. In 1997, Catalyst executed a promissory note and security agreement in favor of Frontier for services rendered under the calling card agreement. The principal amount of the note was $512,901.25.
Smith, who was an officer of Catalyst, signed an "absolute and unconditional" personal guaranty of the promissory note. In the event of a default by Catalyst, Smith promised to pay "such sums as may, from time to time, be due and owing under the Agreement with" Frontier. Smith waived any defense based on "the cessation or limitation of the liability of Catalyst from any cause other than full payment of all sums payable under the Note." He also waived any defense arising from Frontier's election of remedies.
In February 1998, Frontier and Catalyst entered into a settlement agreement which confirmed "the complete resolution of the relationships between" Frontier and Catalyst. The settlement agreement called for payment by Catalyst to Frontier in the total amount of $420,000, payable in monthly installments of $35,000 each. The settlement agreement specified that "[a]ll prior contracts, notes, agreements and other obligations shall be and are hereby canceled and/or merged into this letter agreement." Smith signed the settlement agreement on behalf of Catalyst, but not in an individual capacity.
Frontier received one installment payment from Catalyst under the settlement agreement, but the balance was not paid. Frontier then filed suit against Smith to enforce the personal guaranty. Smith denied liability and raised several affirmative defenses. He asserted that he was released from the guaranty because the obligation documented by the promissory note and security agreement was materially altered by the settlement agreement entered *977 into by Catalyst and Frontier, the alteration was to his detriment, and he did not consent to or execute the settlement agreement in his individual capacity.
Eventually, Smith filed a motion for summary judgment. Frontier filed an affidavit in opposition asserting that the settlement agreement was not intended to cancel the personal guaranty or otherwise affect the obligations created by the guaranty. The trial court denied Smith's motion.
Frontier then filed its own motion for summary judgment. At the time of the hearing on the motion, the record included the pleadings, discovery responses, Frontier's previously filed affidavit, and Smith's deposition.
Following the hearing, the trial court entered an order granting partial summary judgment in favor of Frontier but allowing Smith an opportunity to file a motion to seek additional credits against the amount claimed by Frontier. Ultimately, the trial court entered a final judgment in favor of Frontier in the principal amount of $477,901.25, plus interest, for a total of $609,324.08. The principal amount was calculated using the original amount due under the promissory note less the payment of $35,000 made pursuant to the settlement agreement.
In this appeal, Smith argues that the trial court erred in granting summary judgment because there were genuine issues of material fact that were unresolved. Alternatively, he asserts that even if no factual issues existed, Frontier was not entitled to a judgment as a matter of law.
"[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Until the party seeking entry of a summary judgment meets its burden, there is no duty on the other party to demonstrate the existence of a genuine issue of material fact. Jones Const. Co. of Central Fla., Inc. v. Fla. Workers' Comp. JUA, Inc., 793 So.2d 978, 979 (Fla. 2d DCA 2001).
On appeal, the standard of review of a summary judgment order is de novo. Volusia County, 760 So.2d at 130. Where the interpretation or construction of a written instrument and the legal effect to be drawn from the instrument is at issue, the appellate court is not restricted in its ability to reassess the meaning and effect of the instrument, and the appellate court may reach a conclusion contrary to the conclusion of the trial court. Angell v. Don Jones Ins. Agency, Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993).
The record reflects that substantial factual disputes were not conclusively resolved for purposes of summary judgment. While Smith guaranteed Catalyst's performance of its obligations under the promissory note in the event of a default, the settlement agreement stated that the note was "canceled and/or merged" into the agreement. The settlement agreement did not state that the full face amount of the original promissory note would be due and owing if the required payments were not made, and it did not condition the cancellation or merger of the original promissory note on full payment being made.
Although the trial court accepted Frontier's argument that the settlement agreement was not intended to relieve Smith *978 from liability for the original debt, the settlement agreement and the record as a whole raise doubts concerning Smith's continued liability. Smith's position was that the settlement agreement documented that Frontier was owed a total of $420,000, not the higher amount reflected in the promissory note. He testified in his deposition that he signed the settlement agreement on behalf of Catalyst and that he wanted to make sure the settlement agreement "did away" with his personal guaranty. He stated that it was "in every one's mind" (sic) that the settlement agreement did away with the guaranty and that one of his primary contacts at Frontier confirmed the settlement agreement "covered everything."
The affidavit filed by Frontier took a contrary position. Frontier asserted that the settlement agreement was not intended to cancel or otherwise affect the obligations created by the personal guaranty.
Because an issue was raised regarding the intent of the parties to the settlement agreement, and because the settlement agreement was ambiguous and reasonably susceptible to more than one interpretation, summary judgment was not proper. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999); Frazier v. Schenck, 503 So.2d 444, 446 (Fla. 2d DCA 1987); Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991). By entering a summary judgment, the trial court erroneously resolved a disputed issue as to intent and resolved an ambiguity that was subject to more than one interpretation.
We also note that the trial court did not directly address Smith's affirmative defenses. While Frontier argued that the defenses were legally insufficient, it had the burden to disprove the defenses or to establish their legal insufficiency. See Anderson v. Rosetree Vill. Ass'n, Inc., 540 So.2d 173, 174 (Fla. 2d DCA 1989); SAC Constr. Co. v. Eagle Nat'l Bank of Miami, 449 So.2d 301, 303 (Fla. 3d DCA 1984). The record does not demonstrate that the burden was met.
Because genuine issues of material fact remained in dispute, we reverse the judgment and remand for further proceedings.
Reversed and remanded.
BLUE, C.J., and WHATLEY, J., Concur.