CASANUEVA, Judge.
The case before us arose from a creditor’s failed attempt to enforce personal guaranties of a debt. First Paradee, Ltd., after several assignments, was the ultimate holder of a mortgage and note that were in default and upon which it foreclosed. First Paradee bought the property at the foreclosure sale and sold it to an unrelated third party but was left with a deficiency of more than a hundred thousand dollars. It then turned to Joseph K. Isley, Jr. and Michael Echols, the personal guarantors, for the balance. In this lawsuit, Isley and Echols claimed that the personal guaranties that they had signed were no longer enforceable and moved for summary judgment. The trial court granted their motion and rendered a final summary judgment in their favor. We reverse.
In July 1986, Isley and Echols were two of the beneficiaries of a land trust known as Southern Trust I, which was created for the purpose of owning property in Lee County. Citizens and Southern National Bank of Lee County, the financing bank, required Isley and Echols each to supply an “unconditional and continuing guaranty” as a condition for the loan. The contracts that Isley and Echols signed stated that each would guarantee payment for any monetary liability incurred by the trustee of the land trust and held by the bank. The guaranties were assignable by the bank and applied to all loans and other liabilities “heretofore, contemporaneously, or hereinafter incurred by the borrower [trustee].” An empty space in the guaranty contract for a dollar limit was purposely left blank. Upon written notice, the guarantors could cancel the guaranty as to any future indebtedness incurred by the trustee, and it is undisputed that the guarantors never gave such notice.
In December 1986, Citizens and Southern purchased a mortgage and note for another property, Oak Tree Apartments, Ltd. The trustee of Southern Trust I also happened to be the general partner of Oak Tree and was the named debtor on this mortgage and note. The Oak Tree mortgage and note were subsequently amended and restated several times. Eventually, after a bank merger and several assignments, First Paradee came into possession of the Oak Tree mortgage and note in November 1996. First Paradee then instituted the foreclosure action resulting in the deficiency it now suffers.
*1047 Southern Trust I’s original note and mortgage were satisfied in October 1992, but the personal guaranties signed by Is-ley and Echols remained part of the Oak Tree file. First Paradee contended by affidavit that it and its predecessors in interest had relied upon those personal guaranties in the Oak Tree file in purchasing the mortgage and note, even though the mortgage and note were already in default by the time they were purchased. The loan officer of the bank, who had been involved in both the Southern Trust I and Oak Tree mortgages and notes, testified by affidavit that if the personal guaranties of Isley and Echols were in the Oak Tree file, it was through a mistake because their guaranties should have been cancelled at the time of the satisfaction of the Southern Trust I mortgage and note in 1992. Based upon the pleadings and affidavits that contained the above-recited facts, the trial court granted the final summary judgment in favor of Isley and Echols.
This brief factual recitation reveals genuine issues of material fact remaining in dispute that preclude final summary judgment, not the least of which are the intent and policy of the bank regarding whether Isley’s and Echols’s personal guaranties for the benefit of Southern Trust I, for debts incurred by its trustee, were also meant to apply to other debts of that trustee. Although First Paradee argues that the language of the personal guaranties is unequivocal as to Isley’s and Echols’s unconditional and continuing guaranty of the land trustee’s financial dealings, we find it ambiguous because it relates to the indebtedness incurred by the trustee for the Oak Tree property, which was never a part of the Southern Trust I land trust. Moreover, Isley and Echols claimed they knew nothing about Oak Tree. They made this claim even though their personal guaranties were part of the Oak Tree file that subsequent creditors may have relied upon in purchasing that mortgage and note, and upon which First Paradee has foreclosed. For an analogous personal guaranty situation in which we also found final summary judgment premature because of material facts still in dispute, see Smith v. Frontier Communications International, Inc., 805 So.2d 975 (Fla. 2d DCA 2001). See also Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265, 266 (Fla. 2d DCA 1980); S & T Anchorage, Inc. v. Lewis, 575 So.2d 696, 699 (Fla. 3d DCA 1991).
Finding genuine issues of material fact remaining in dispute, we reverse the final summary judgment and remand for further proceedings.
WHATLEY and SALCINES, JJ., Concur.