WARNER, J.
In challenging a final summary judgment entered in a personal injury action *517 arising from an automobile accident, Manuel Castro (“Castro”) contends that material issues of fact remained because of eyewitness testimony to the accident. Castro also argues that the trial court erred in failing to grant a continuance of the summary judgment hearing when he did not produce an expert affidavit to counter the evidence of non-negligence presented by the defendant. We hold that the eyewitness testimony was not competent, admissible evidence to counter the evidence of non-negligence, and the court did not abuse its discretion in denying the motion for continuance. We therefore affirm.
Castro was driving with two passengers on 1-95 in Broward County when his vehicle hit a metal object in the road, causing a tire blowout. He pulled to the side of the highway and exited the vehicle with his passengers. Shortly thereafter, defendant Jackson hit the same object, causing her to lose control of her car, and sending it spinning into defendant Brazeau’s vehicle. Brazeau immediately hit the brakes, his air bag deployed, and his car veered into the guardrail. While he maintains that he hit the guardrail and not Castro’s vehicle, other witnesses testified that he hit Castro’s vehicle and Castro himself, causing injuries. Castro filed suit for damages against Jackson, Brazeau, and an unknown “Doe” towing company which he alleged was responsible for dropping the metal object hit by Jackson onto the highway.
Brazeau moved for summary judgment contending that the material facts were not in dispute, and he was not negligent. He presented his deposition, Castro’s deposition, and the deposition of Castro’s passengers. No evidence suggested any negligence, other than the passengers’ testimony regarding Brazeau’s speed. However, neither Castro nor his passengers saw the Brazeau vehicle before the accident. One of the passengers testified that Brazeau must have been traveling very fast because of the damage caused to Castro’s vehicle’s chassis in the crash. Because there was no expert evidence offered to show that the crash damage would indicate that Brazeau was speeding or that he was negligent, the trial court granted summary judgment.
On appeal, Castro claims that the passengers’ testimony created a disputed issue of fact as to Brazeau’s speed and, therefore, his negligence. It is clear that neither witness saw the vehicle prior to Jackson’s vehicle impacting Brazeau’s vehicle. The conclusion of one passenger that Brazeau had to be speeding based upon the crash damage caused to Castro’s vehicle was not competent evidence because the passenger was not qualified as an expert. See § 90.701(2), Fla. Stat. (permitting opinion testimony from lay witnesses only when such opinions do not require specialized knowledge, training or skill). “It is fundamental that supporting or opposing affidavits filed in connection with a motion for summary decree shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Harrison v. Consumers Mortgage Co., 154 So.2d 194, 195 (Fla. 1st DCA 1963) (footnote omitted). Castro offered no evidence that the witness was qualified to give an expert opinion, and thus the witness’s testimony did not create a disputed issue of material fact as to the non-negligence of Brazeau.
Castro cites Trouette v. Reynolds, 593 So.2d 1203 (Fla. 5th DCA 1992), in support of his argument that there was a material issue of fact. There, appellant’s car pulled in front of, and was struck by, a tractor trailer truck. Appellant saw the truck and believed she had enough room to cross in *518 front of it. The truck driver testified that he tried to miss appellant’s vehicle by pulling onto the shoulder of the road. He could not recall when he first saw appellant in front of him, he just “looked up and she was there.” 593 So.2d at 1203. An expert witness testified that if the truck driver had been able to see appellant four and a half seconds before the impact, and was able to brake within a second and a half, he could have avoided hitting appellant’s vehicle, instead hitting only the trailer she was pulling. See id. at 1204. The district court found that the truck driver’s testimony that he did not remember when he saw appellant, coupled with the expert testimony, created an issue of fact for the jury “as to whether the damages that were sustained could have been reduced by a driver using the ordinary care of a reasonable, prudent driver in similar circumstances [and] whether and when a reasonable, prudent driver should have first noticed [appellant’s] negligent operation and when and what evasive action should have been taken.” Id. Thus, it reversed the trial court’s order granting appellee’s motion for a directed verdict.
Unlike Trouette, Castro did not present any evidence or expert testimony that Bra-zeau may have acted negligently in failing to avoid the collision with Jackson. After Brazeau presented evidence showing there was no genuine issue of material fact, it was Castro’s burden to “come forward with counter-evidence sufficient to reveal a genuine issue.” Corbitt v. Kuruvilla, 745 So.2d 545, 548 (Fla. 4th DCA 1999) (quoting Buitrago v. Rohr, 672 So.2d 646, 648 (Fla. 4th DCA 1996)). “It is not enough for the opposing party merely to assert that an issue does exist.” Id. (citation omitted). Given that Castro failed to present any evidence that Brazeau’s negligence caused him to hit Castro’s vehicle, the trial court properly entered summary judgment in favor of Brazeau.
Recognizing the deficiency of the witness testimony to provide competent evidence of negligence, the trial judge asked Castro’s attorney whether he had an affidavit from an accident reconstruction expert. The attorney responded that he had thought the witness testimony was sufficient. He said that he did have an expert but had not as yet taken the expert’s deposition. (This itself is curious, because usually parties do not take their own expert witness’s deposition unless required to preserve the witness’s testimony for trial.) The lawyer then asked for a continuance to obtain such evidence. The judge admonished Castro’s attorney, telling him that the motion had been set for hearing for months, giving the attorney plenty of time to obtain the necessary proof. Explaining that the affidavits were required to be filed at least two days prior to the hearing, see Florida Rule of Civil Procedure 1.510(c), the judge refused to continue the case. Because there was no evidence to dispute the facts, the judge granted summary judgment, saying he had no choice under the circumstances.
On appeal, Castro argues that the judge erred because he did not believe he had the discretion to grant a continuance. We have read the transcript. This experienced trial judge was not working under a misapprehension of law. Instead, he noted that the lawyer had months to file an affidavit or ask for a continuance, and neither was done. He told the lawyer that he could have moved for a continuance if he had good and sufficient ground for it, but the lawyer offered no good reason for a continuance of the summary judgment proceeding after the entire matter had already been argued. The judge concluded that based upon the affidavits and depositions filed, a summary judgment was compelled. The judge understood that he had discretion regarding the request for con *519 tinuance. He simply denied the request where no good cause was shown why one should be granted.
Affirmed.
KLEIN and GROSS, JJ., concur.