DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

v.

**PEMBROKE PINES MRI, INC.,** a/a/o **ELIAS CRUZ,**
Respondent.

No. 4D15-1956

[August 12, 2015]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Carlos A. Rodriguez and Sandra Perlman, Judges; L.T. Case No. CACE 13-022778 AP.

Nancy W. Gregoire of Kirschbaum, Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Andrea C. Mack of Goldstein Law Group, Fort Lauderdale, for petitioner.

Todd A. Landau of Todd Landau, P.A., Hallandale Beach, for respondent.

GROSS, J.

State Farm seeks second-tier certiorari review of a circuit court appellate decision affirming a final judgment for the provider in a personal injury protection (PIP) case. The judgment awarded $887.71 plus interest and attorney's fees and costs. The petition argues: (1) that the procedure the circuit court used in issuing its appellate opinion violates due process; and (2) that the circuit court's unelaborated affirmance violated the requirements of rule 1.510 regarding motions for summary judgment.

We deny the petition because there is no showing that the circuit court violated due process, applied the wrong law, or that the unelaborated affirmance departs from the essential requirements of law resulting in a miscarriage of justice.

"Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope." *Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 868 (Fla. 4th DCA 2012). "Circuit

courts are intended to have final appellate jurisdiction over county court cases." *Id.* Review is limited to whether the circuit court failed to afford petitioner procedural due process in the appeal or departed from the essential requirements of law, that is, committed a grievous error which results in a miscarriage of justice. *See Custer Med. Ctr. v. United Auto Ins. Co.*, 62 So.3d 1086, 1093-94 (Fla. 2010).

In 2012, Respondent, Pembroke Pines MRI, Inc. (the Clinic), sued State Farm in county court based on an assignment of PIP benefits from its insured. The Clinic billed $3,326 for two MRIs. State Farm paid $1,773.04, which was 80% of $2,216.30, 200% of the Medicare fee schedule for the region. The Clinic sought 80% of its full bill. The Clinic moved for summary judgment contending that its charge was reasonable and within the customary range. The Clinic argued that State Farm could not rely on the Medicare fee schedule to determine the reimbursement rate because the policy did not clearly and unambiguously adopt it. *See* § 627.736(5)a.2.f., Fla. Stat. (2011) (allowing an insurer to limit reimbursement to 80% of 200% of the Medicare schedule or 80% of the maximum amount allowed under workers' compensation law).[1]

The Clinic filed an affidavit from the owner of another MRI facility in Broward County, and relied on other documents, including bills of other providers, in support of its motion. State Farm opposed the motion and filed an affidavit from an actuary who relied on data provided by insurers, Medicare, and other fee schedules in forming his opinion that the amount billed was unreasonable. The county court found that the Clinic had made a prima facie showing of the reasonableness of its charges and that State Farm had not carried its burden of showing a disputed issue of material fact. The court granted summary judgment.

State Farm appealed, and after full briefing, the circuit court ultimately affirmed with a per curiam opinion without discussion.

Although State Farm briefly asserts that the circuit court's procedure violated due process, its petition provides no explanation of how the appellate procedure deprived it of due process. The bulk of the petition

---

[1]State Farm did not adopt the limitations for reimbursement allowed by section 627.736(5)a.2.f., Florida Statutes (2011), which would have allowed it to cap reimbursement based on 200% of the Medicare rate. An insurer must expressly and specifically incorporate the permissive statutory provisions into the policy in order to limit payment. *See Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc.*, 141 So. 3d 147 (Fla. 2013); *Kingsway Amigo Ins. Co. v. Ocean Health*, Inc., 63 So. 3d 63 (Fla. 4th DCA 2011).

focuses on the argument that the circuit court applied the wrong law, resulting in a miscarriage of justice. We address that portion of the petition which contends that the county court violated Florida Rule of Civil Procedure 1.510 regarding the sufficiency of the summary judgment evidence.

"It is fundamental that supporting or opposing affidavits filed in connection with a motion for summary decree shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Castro v. Brazeau*, 873 So. 2d 516, 517 (Fla. 4th DCA 2004) (quoting *Harrison v. Consumers Mortg. Co.*, 154 So. 2d 194, 195 (Fla. 1st DCA 1963)).

Review of the summary judgment hearing transcript shows that the court relied on an interrogatory answer—expressing personal knowledge of what other providers were charging and what insurers were accepting as reasonable—coupled with the bills showing what other providers charged for the same services. State Farm does not establish any departure from the essential requirements of law on this point.

State Farm also challenges the county court's rejection of the actuary's affidavit for not meeting the standard required by section 90.702, Florida Statutes (2014), for testimony by experts. The county court concluded that the actuary's affidavit was not shown to be based on personal knowledge or sufficient data and reliable principles.[2] The circuit court's affirmance of this type of evidentiary ruling is not a violation of a clearly established principle of law resulting in a miscarriage of justice that can be addressed on second-tier certiorari.

The petition for writ of certiorari is denied.

DAMOORGIAN, J., concurs.
WARNER, J., concurs in result only.

---

[2]Other cases have similarly ruled that the actuary, Darrell Spell, who has no experience or personal knowledge of the operation of an MRI facility, is not competent to provide an expert opinion as to the reasonableness of charges. *See, e.g., State Farm v. Fla. Wellness & Rehab. Ctr., Inc.*, CACE13-22796 (Fla. 17th Cir. June 3, 2015); *State Farm Mut. Auto. Ins. Co. v. New Smyrna Imaging LLC*, 22 Fla. L. Weekly Supp. 508a (Fla. 7th Cir. 2014); *Pembroke Pines Physicians Assocs. v. State Farm*, 21 Fla. L. Weekly Supp. 703a (Fla. Broward Cty. Ct. 2014).

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*