DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**14269 BT LLC,** a Florida Limited Liability Corporation,
Petitioner,

v.

**VILLAGE OF WELLINGTON, FLORIDA,** a Florida Municipal
Corporation,
Respondent.

No. 4D17-2376

[January 17, 2018]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Joseph Marx and Jeffrey D. Gillen, Judges; L.T. Case No. 502016CA007337XXXXMB.

Michael B. Stevens of Derrevere Stevens Black & Cozad, West Palm Beach, for petitioner.

Laurie Stilwell Cohen and Aaron C. Dunlap, Wellington, for respondent.

PER CURIAM.

The operator of a horse farm, 14269 BT, LLC (the "farm"), seeks second-tier certiorari review of an administrative code enforcement order finding that the farm violated several sections of the Village of Wellington's (the "village") land development regulations ("LDR"). These violations arose from unpermitted improvements the farm made to its property including the construction of two barns, a storage building, a manure bin, a driveway, and a swale. The code enforcement order mandates several corrective actions including removing one of the barns.

The farm argues that all of its improvements are nonresidential farm buildings and support structures, which are exempt from the village's LDRs pursuant to the plain language of section 604.50(1), Florida Statutes (2016). We agree that some of the improvements, including the two barns, the storage building, and the manure bin, are exempt under the plain language of section 604.50(1). Therefore, we grant the petition, in part, and quash the circuit court's affirmance because it contravenes

the plain language of section 604.50(1).

### *Factual and Procedural Background*

In March 2016, the village cited the farm with several code violations in two separate cases. In the first case, the farm was cited for violating various storm-water management regulations by failing to (i) design and build a secondary storm-water system and (ii) obtain permits for grading work done during the construction of the driveway and the swale. Notably, the driveway and the swale were partially built across a public right-of-way. The corrective actions listed for these violations included obtaining permits for the grading work and submitting plans for a secondary storm-water system.

In the second case, the farm was cited for failing to obtain building permits for the two barns, the storage building, and the manure bin. The farm was also cited for violating LDR section 6.10.12, which limits the number of barns that can be built on lots within the farm's zoning district. The corrective actions listed for these violations included obtaining the required building permits and removing the second barn.

These cases proceeded to an evidentiary hearing before a special magistrate, who ultimately entered an amended consolidated order in favor of the village. The farm appealed to the circuit court, and the circuit court affirmed in an unelaborated opinion.

This petition for second-tier certiorari review follows.

### *Second-tier Certiorari Review*

"Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope." *Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto Ins. Co.*, 103 So. 3d 866, 868 (Fla. 4th DCA 2012). "Review is limited to whether the circuit court failed to afford petitioner procedural due process in the appeal or departed from the essential requirements of the law, that is, committed a grievous error which results in a miscarriage of justice." *State Farm Mut. Auto Ins. Co. v. Pembroke Pines MRI, Inc.*, 171 So. 3d 814, 816 (Fla. 4th DCA 2015).

The circuit court's failure to obey the plain language of a statute can form the basis for second-tier review. *Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 727 (Fla. 2012) ("[S]tatutes also constitute 'clearly established law,' meaning that a district court can use second-tier certiorari to correct a circuit court decision that departed

from the essential requirements of statutory law.").

### *Applicable Law*

"When a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Lee Cnty. Electric Coop., Inc. v. Jacobs*, 820 So. 2d 297, 303 (Fla. 2002). Section 604.50(1) provides:

> Notwithstanding any provision of law to the contrary, any nonresidential farm building, farm fence, or farm sign that is located on lands used for bona fide agricultural purposes is exempt from the Florida Building Code and *any county or municipal code or fee*, except for code provisions implementing local, state, or federal floodplain management regulations. A farm sign located on a public road may not be erected, used, operated, or maintained in a manner that violates any of the standards provided in s. 479.11(4), (5)(a), and (6)-(8).

§ 604.50(1), Fla. Stat. (emphasis added).

Prior to 2011, this section only exempted nonresidential farm buildings from "any county or municipal *building* code." § 604.50(1), Fla. Stat. (2010) (emphasis added). In 2011, the legislature broadened the language of this section by removing the word building, so it now generally applies to "any county or municipal code or fee . . . ." Ch. 2011-7, § 6, Laws of Florida.

There are no cases construing whether municipal zoning regulations, such as LDR section 6.10.12, fall within the meaning of "any county or municipal code." However, in 2013, the Florida Attorney General issued an advisory opinion directly on point, which is persuasive authority.[1] *See* Op. Att'y Gen. 2013-01 (2013). The opinion addresses whether the Town of Loxahatchee Groves would be violating section 604.50(1) if it sought to enforce zoning LDRs, specifically setback requirements, against nonresidential farm buildings. *Id.* Based on the plain language of section 604.50(1), as amended in 2011, the Attorney General

---

[1] "Although an opinion of the Attorney General is not binding on a court, it is entitled to careful consideration and generally should be regarded as highly persuasive." *State v. Family Bank of Hallandale*, 623 So. 2d 474, 478 (Fla. 1993).

concluded that nonresidential farm buildings are exempt from all municipal building and zoning LDRs.[2]  *Id.*

### *Discussion*

It is undisputed that the farm's property is zoned for agricultural use, and the property is being used for a bone fide agricultural purpose.  It is also undisputed that the barns and storage facilities are nonresidential farm buildings.

Pursuant to the plain language of section 604.50(1), nonresidential farm buildings are exempt from "*any* county or municipal code or fee." (emphasis added).  The legislature's 2011 amendment to this section, as outlined above, indicates an intent to expand the exemption to include *any* county or municipal code rather than merely including county or municipal *building* codes.  As such, we conclude that the two barns, the storage building, and the manure bin are not only exempt from the village's building permit requirements, but they are also exempt from the village's zoning regulations including LDR section 6.10.12.

The farm also contends that it is exempt from complying with the village's storm-water management regulations (LDR sections 8.24.6 and 8.24.9).  However, these violations arose from (i) grading work done to build a driveway and a swale, which were partially built across a public right-of-way, and (ii) the farm's failure to build a secondary storm-water system.  Nothing within the language of section 604.50 permits a farm owner to encroach upon a public right-of-way without seeking approval.  Furthermore, driveways, swales, and storm-water systems do not fall within the meaning of "nonresidential farm buildings."[3]

---

[2] Two prior advisory opinions issued by the Attorney General concluded that counties and municipalities are permitted to enforce zoning regulations, such as set-backs, on the construction of nonresidential farm buildings.  *See* Op. Fla. Att'y Gen. 2009-26 (2009); Op. Fla. Att'y Gen. 2001-71 (2001).  However, these opinions were both issued before the legislature amended section 604.50 in 2011.

[3] Under section 604.50(2)(d), a nonresidential farm building is defined as:

> [A]ny temporary or permanent building or support structure that is classified as a nonresidential farm building on a farm under s. 553.73(10)(c) or that is used primarily for agricultural purposes, is located on land that is an integral part of a farm operation or is classified as agricultural land under s. 193.461, and is not intended to be used as a residential dwelling.  The term may

Finally, the farm asserts that the magistrate's factual findings pertaining to the violations of LDR sections 8.24.6 and 8.24.9 were not supported by competent substantial evidence. However, second-tier certiorari is not an appropriate mechanism for reviewing whether a lower tribunal's findings are supported by competent substantial evidence. *Stranahan House, Inc. v. City of Fort Lauderdale*, 967 So. 2d 1121, 1128 (Fla. 4th DCA 2007).

### *Conclusion*

Based on the foregoing, we conclude that the circuit court departed from the essential requirements of the law because its affirmance in this case directly contravenes the plain language of section 604.50(1). Under the specific facts of this case, failure to correct this error would result in a miscarriage of justice because the farm has been ordered to remove the second barn even though it is exempt from the requirements of LDR section 6.10.12.

Therefore, we grant the petition, in part, and quash the circuit court's affirmance. We deny the petition with respect to the farm's violations of LDR sections 8.24.6 and 8.24.9.

*Granted in part and denied in part.*

GROSS, CIKLIN and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

include, but is not limited to, a barn, greenhouse, shade house, farm office, storage building, or poultry house.