# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

UNNI HASKELL,

Appellant,

v.

PCP GROUP, LLC, a Florida limited liability company,

Appellee.

No. 2D2022-1800

_____

May 29, 2024

BY ORDER OF THE COURT:

Appellee's Motion for Rehearing and/or Rehearing En Banc and for Certification is denied. On the court's own motion, the prior opinion dated February 16, 2024, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

UNNI HASKELL,

Appellant,

v.

PCP GROUP, LLC, a Florida limited liability company,

Appellee.

No. 2D2022-1800

_____

May 29, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Cynthia Newton, Judge.

Kenneth G. Turkel and David A. Hayes of Turkel Cuva Barrios, P.A., Tampa; Kristin A. Norse, Robert W. Ritsch, Stuart C. Markman, and Brandon K. Breslow of Kynes, Markman & Felman, P.A., Tampa, for Appellant.

Marie A. Borland, Gregory P. Brown, Jacob Z. Coates, and Sean P. Mullen of Hill, Ward & Henderson, P.A., Tampa; Lindsay Patrick-Lopez of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for Appellee.

KELLY, Judge.

Unni Haskell appeals from the summary judgment order that requires her, as the owner of membership shares (units) in a limited

liability company, PCP Group, LLC, to sell those units to PCP.  That order was based on the trial court's interpretation of a written instrument—PCP's operating agreement.  We review a summary judgment order de novo.  *Smith v. Frontier Commc'ns Int'l, Inc.*, 805 So. 2d 975, 977 (Fla. 2d DCA 2001).  The de novo standard also applies to decisions involving the interpretation of written instruments.  *Gillis v. Jackson Shores Townhomes Ass'n*, 351 So. 3d 668, 669 (Fla. 2d DCA 2022).

> [When] . . . the construction of a written instrument and the legal effect to be drawn from the instrument is at issue, the appellate court is not restricted in its ability to reassess the meaning and effect of the instrument, and the appellate court may reach a conclusion contrary to the conclusion of the trial court.

*Smith*, 805 So. 2d at 977.

Before we address the merits of the trial court's interpretation of PCP's operating agreement, a brief history of how Unni became the owner of the units is in order.  Unni was awarded the units as part of the equitable distribution scheme when she and John Haskell, her husband of thirty-nine years, dissolved their marriage.  John is PCP's manager and at the time of dissolution was the owner of several units in PCP.  The judge presiding over the dissolution action determined that John's ownership interest in PCP should be divided equally, but she also found that the existence of multiple lawsuits involving PCP made it impossible to accurately value John's interest so that half of that value could be awarded to Unni.  For that reason, the judge declared that Unni would "hereafter" be the owner of half of John's units and ordered John to immediately transfer those units to Unni.  The judgment further provided that should Unni "ever want to divest herself" of the units, John would have the right of first refusal.

2

John appealed from the dissolution judgment; significantly, however, he did not challenge the portion of the judgment that gave Unni ownership of the units even though the effect of that provision was to preclude the valuation and sale of the units by instead directing that they be immediately transferred to Unni. And although PCP was a named party in the dissolution action, it did not appeal from the dissolution judgment.

Despite the unchallenged directive that John immediately transfer half of his units to Unni, John instead sold those same units to another member of PCP. Unni challenged this sale by moving to enforce the dissolution judgment. In defense of the sale, John relied on the same provision of PCP's operating agreement that PCP relies on in this appeal. The dissolution court rejected John's position, found that the transfer was invalid, and set aside the sale of Unni's units declaring that Unni was the owner of the units as stated in the dissolution judgment. John appealed from that order arguing that under PCP's operating agreement the sale was proper; however, this court affirmed the trial court's order. *See Haskell v. Haskell,* 258 So. 3d 404 (Fla. 2d DCA 2018) (table decision).

This was the situation when PCP instituted the present declaratory judgment action in another attempt to divest Unni of ownership of the units awarded to her in the final judgment of dissolution. PCP's complaint asked the court to declare that its operating agreement required Unni to sell her shares back to the company—the same argument John had previously used in the enforcement action to defend his attempted sale of the units. Specifically, PCP argued that section 9.3.1, titled "Deemed Offers to Sell" ("DOTS"), was controlling and required Unni to sell her shares.

Section 9.3 of PCP's operating agreement provides in pertinent part:

> 9.3.1 **Deemed Offers to Sell**.  Notwithstanding anything in this Agreement to the contrary, a Member shall be deemed to have made an Offer to Sell . . . , and the Company and the Non-Selling Class A Members shall have the right to purchase . . . , all of such Member's Units upon the occurrence of any of the following events (provided, however, any Transfer permitted under Section 9.1 of this Agreement shall not be a deemed Offer to Sell under this Section 9.3), of which such Member . . . must give prompt written notice to the Company and the Non-Selling Class A Members:
>
> . . . .
>
> (e)  Divorce.  The attempt by a Member or his or her spouse . . . to Transfer any Units . . . pursuant to any court order issued or court ordered property settlement agreement entered into in connection with, a suit for dissolution of marriage, legal separation or any similar status.

PCP contends that because Unni has now received her units as the result of a final judgment of dissolution, the DOTS provision has been triggered and Unni must offer to sell her units to PCP.

PCP's argument is not supported by the plain language of section 9.3.1(e).  It is undisputed that Unni is the owner of the units and that ownership of the units was transferred to her in the final judgment of dissolution.  Under section 9.3.1(e), the DOTS procedure applies when an owner *attempts* to transfer units, not after ownership is transferred.  PCP's argument rewrites the operating agreement to impose an obligation on the *transferee* of a completed transfer when on its face section 9.3.1(e) imposes an obligation on a *transferor* who is *attempting* a transfer under one of the listed circumstances.

Accordingly, we conclude the trial court erred when it denied Unni's motion for summary judgment and entered summary judgment in favor of PCP.  We therefore reverse the summary judgment order and

4

remand with instructions to enter final summary judgment in favor of Unni pursuant to her motion for summary judgment.

Reversed and remanded with instructions.


ROTHSTEIN-YOUAKIM J., Concurs.
ATKINSON, J., Concurs in result only.

_____