SPECTOR, Judge.
Appellant seeks reversal of a final judgment in a quiet title action holding that ap-pellee is the fee simple and absolute owner of a parcel of real property in Santa Rosa County, Florida. The lower court held that appellee’s entitlement thereto had been established against appellant by adverse possession without color of title.
Appellee is executor of the estate of Gladys Lane. He or his predecessors in interest have been in actual custody, possession and use of the property in question since 1928. There seems to be no contest as to such possession; and, indeed, there could be none for the evidence before the trial court was overwhelmingly to that effect. Appellee’s decedent herself went into possession of the property which was the old family homeplace in 1943 upon the death of her father and continued in pos *69 session and use right on until she passed in about 1966.
Appellant’s interest in the property stems from a deed from the Trustees of Internal Improvement Fund of the State of Florida issued in 1951. Appellant did not then nor has he since been in possession of the property although he did pay taxes on it only from 1951 through 1954. In 1953, Appel-lee’s decedent, Gladys Lane, paid the taxes on the land, having returned same for taxation at that time. She has paid the taxes each year thereafter until her death and thereafter by her executor, appellee herein. In 1953, Gladys Lane recorded a deed to the property to her from the other heirs of her father, Smith Lane.
For reversal, appellant urges that the trial court erroneously held that appellee had established his title by adverse possession without color of title in accordance with the requirements set out in Section 95.18, Florida Statutes, F.S.A. Although appellant contends that several of the provisions of the cited statute have not been shown to have been met, the primary thrust is directed to that part of the statute requiring a person claiming under it to make a return of said property by proper legal description to the assessor of the county wherein the land is located. In the case at bar, it was shown that a return of the property was made in 1953 in which the legal description of the land in question was related to and stated by reference to a recorded deed giving the book and page as appears in the office of the clerk of the circuit court. Apparently, it is appellant’s contention that such a description of the land in the return is insufficient as a matter of law and hence the statutory requirement of Section 95.18, Florida Statutes, F.S.A., that anyone claiming thereunder must return the property by proper legal description has not been complied with. We do not agree that a return of property based upon such a legal description; that is, one having reference to a book and page number in the records of the circuit court clerk where a recorded deed may be found, is so defective as to defeat a person’s claim under the statute founded in part upon such a return. In reaching this conclusion, we take cognizance of that portion of Section 193.20, Florida Statutes, F.S.A., relating to the mode of assessing lands which recognizes the practice of assessments based upon such descriptions in lieu of a metes and bounds description. In the instant case, the trial court had before it evidence given by a qualified surveyor that he could locate the property involved by following the description given in the deed found recorded at the book and page number cited in the return. See Inter-City Sec. Co. v. Barbee, 106 Fla. 671, 143 So. 791. From 1954 to the time of the trial, the property was assessed only to Gladys Lane or her estate by reference to deed book and page number and the taxes were paid by her in all those years.
We have considered the other issues raised by appellant and are of the view that they fail to demonstrate that the order appealed was erroneously entered.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.