246 So.2d 174 (1971)
HURRICANE BOATS, INC., a Florida Corporation, Appellant,
v.
CERTIFIED INDUSTRIAL FABRICATORS, INC., a Division of Instruments Systems Corp., a New York Corporation, Appellee.
Nos. 70-679, 70-717.
District Court of Appeal of Florida, Third District.
March 30, 1971.
Weiner & Rubin, Miami, for appellant.
*175 Feibelman, Friedman, Hyman & Britton and Alfred R. Camner, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
The defendant, Hurricane Boats, Inc. has appealed from a summary final judgment and an amended summary final judgment in favor of the plaintiff below, appellee. These appeals have been consolidated for all appellate purposes.
Plaintiff filed an unsworn complaint alleging money due and owing from the defendant for goods sold and delivered and on an account stated. The defendant's unsworn answer denied each allegation of the complaint.
Plaintiff moved for summary judgment and attached an affidavit executed by its Vice President. The affidavit simply stated that affiant had read the attached complaint and that the allegations contained therein were true and correct to the best of his own personal knowledge and belief. The defendant filed its affidavit in opposition thereto and the trial court rendered summary final judgment for the plaintiff.
We reverse. Rule 1.510(e), R.C.P., 31 F.S.A., provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
The affidavit in support of the plaintiff's motion for summary judgment does not show that it was made on personal knowledge, does not set forth such evidentiary facts as would be admissible in evidence, and does not affirmatively show that the affiant was competent to testify to the matters stated therein.
The burden is upon the moving party to demonstrate the non-existence of a genuine issue of material fact and there is no duty on the party moved against to demonstrate the existence of such issue until after the movant has satisfied his initial burden. See Holl v. Talcott, Fla. 1966, 191 So.2d 40; and Hix v. Sirkis, Fla.App. 1966, 190 So.2d 207. The affidavit in support of the summary judgment may not be based upon factual conclusions or conclusions of law. See O'Brian Associates of Orlando, Inc. v. Tully, Fla. App. 1966, 184 So.2d 202; First Mortgage Corporation of Stuart v. deGive, Fla.App. 1965, 177 So.2d 741; and Dean v. Gold Coast Theatres, Inc., Fla.App. 1963, 156 So.2d 546. In closing, we observe that defendant's affidavit in opposition to the motion for summary judgment was also deficient under the rule.
The summary final judgment and the amended summary final judgment herein appealed be and they are hereby reversed and the cause be and the same is hereby remanded for further action consistent herewith.