487 So.2d 1204 (1986)
Anthony D. NOUR, d/b/a Nour Refrigeration, Appellant,
v.
ALL STATE PIPE SUPPLY COMPANY, Appellee.
No. BG-329.
District Court of Appeal of Florida, First District.
May 1, 1986.
*1205 Ronald A. Nour, Ormond Beach, for appellant.
Don H. Lester and Fredrick W. Loose of Selber & Selber, Jacksonville, for appellee.
PER CURIAM.
All State Pipe Supply Company, appellee, filed a three-count complaint against Anthony D. Nour, d/b/a Nour Refrigeration, appellant, alleging money due on account, account stated, and for goods sold and delivered. The trial court granted summary judgment for All State. We reverse.
All State's motion for summary judgment was accompanied by an affidavit which in legal effect amounts to nothing more than a statement by an officer of the company that the allegations of the complaint are true. The addition of the phrase that the affiant is "personally knowledgeable" with respect to the allegations of the complaint adds nothing, since it is not a statement of fact, but is itself a mere conclusion or opinion of the affiant. In the face of appellant's answer denying all allegations of the complaint, appellee's affidavit is insufficient. Silber v. Campus Sweater & Sportswear, 313 So.2d 409 (Fla. 1st DCA 1975); Montejo Investments, N.V. v. The Green Companies, Inc., of Florida, 471 So.2d 158 (Fla. 3d DCA 1985); Thomasson v. The Money Store/Florida, Inc., 464 So.2d 1309 (Fla. 4th DCA 1985); Rule 1.510(e), Florida Rules of Civil Procedure. The fact that appellant's counter-affidavit in opposition is affected with the same inadequacies as that of appellee is immaterial, since the burden is upon the movant to establish the absence of any genuine issue of fact and the entitlement to judgment as a matter of law.
Appellee's claim for attorney's fees is apparently based upon contract. Accordingly, this claim must be pled and proved as part of the damages claimed, and the entitlement to and amount recoverable are issues to be determined on remand. River Road Construction Company v. Ring Power Corporation, 454 So.2d 38 (Fla. 1st DCA 1984). The record and the briefs filed here by both parties are totally inadequate to merit further discussion of the attorney's fee issue by this court.
Appellant has shown no abuse of discretion in the trial court's denial of his motion to amend his answer to claim a setoff against the amounts claimed by appellee, and this ruling is accordingly affirmed.
The judgment for damages, including the award of attorney's fees, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
MILLS, L. SMITH and THOMPSON, JJ., concur.