793 So.2d 978 (2001)
JONES CONSTRUCTION COMPANY OF CENTRAL FLORIDA, INC., Appellant,
v.
FLORIDA WORKERS' COMPENSATION JUA, INC., Appellee.
No. 2D00-2388.
District Court of Appeal of Florida, Second District.
February 2, 2001.
*979 Stephen H. Haskins, Safety Harbor, for Appellant.
John A. Yanchek of Brown Clark, P.A., Sarasota, for Appellee.
FULMER, Judge.
Insurance carrier Florida Workers' Compensation JUA, Inc., ("FWCJUA") filed a complaint against Jones Construction Company of Central Florida, Inc. alleging that Jones owed FWCJUA the sum of $3,010,834 in additional workers' compensation insurance premiums. The trial court granted summary judgment for FWCJUA. We reverse because, in moving for summary judgment, FWCJUA did not carry its burden of demonstrating the absence of a genuine issue of material fact.
The party moving for summary judgment carries the initial burden of establishing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law, and there is no duty on the party moved against to demonstrate the existence of such issue until after the movant has satisfied his initial burden.[1]See Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So.2d 174, 175 (Fla. 3d DCA 1971). "The affidavit in support of summary judgment may not be based upon factual conclusions or conclusions of law." Id.
FWCJUA's motion for summary judgment was accompanied by an affidavit of its Program Manager attesting that he had personal knowledge of the facts, that the allegations in the complaint were true and correct, and that Jones owed FWCJUA the principal sum of $3,671,312 *980 for unpaid workers' compensation premiums. This affidavit does not set forth any evidentiary facts that would be admissible in evidence as required by Florida Rule of Civil Procedure 1.510(e). Thus, the disparity between the amount alleged to be owed in the complaint and the increased amount alleged in the affidavit, and, in fact, awarded by the trial court, is both unexplained and devoid of evidentiary support. Because the affidavit contains only conclusory statements of ultimate fact, it is insufficient to sustain the movant's burden of demonstrating the absence of any genuine issue of material fact. See Dean v. Gold Coast Theatres, Inc., 156 So.2d 546, 549 (Fla. 2d DCA 1963); Nour v. All State Pipe Supply Co., 487 So.2d 1204, 1205 (Fla. 1st DCA 1986); Hurricane Boats, 246 So.2d at 175. Thus, in the face of Jones's answer denying the allegations of the complaint, the trial court erred in granting the motion for summary judgment.
Accordingly, we reverse the judgment and remand for further proceedings.
PARKER, A.C.J., and CASANUEVA, J., concur.
NOTES
[1] Because we conclude that FWCJUA's affidavit was insufficient, we need not address the deficiencies in Jones's affidavit in opposition to the motion for summary judgment. See Nour v. All State Pipe Supply Co., 487 So.2d 1204, 1205 (Fla. 1st DCA 1986).