PER CURIAM.
Candler Holdings Limited I (Candler Holdings) appeals a final summary judgment granted to Watch Omega Holdings, L.P. (Watch Omega) on Watch Omega’s claim of adverse possession with respect to a parcel of real property in Leon County which vested title to that property in Watch Omega. We reverse because the record evidence does not meet the requirements of section 95.18, Florida Statutes (2003),[1] governing adverse possession without color of title.
*1233 In 1988, Candler Holdings owned the Lafayette Place Shopping Center in Leon County. As part of that development, a retention pond was created for storm water drainage. In connection with a loan to Candler Holdings from General Electric Capital Corporation (GE), Candler Holdings granted GE a mortgage on the shopping center property and several other unrelated parcels. The parcel of land on which the retention pond was located, however, was not included within the legal description of the mortgaged property. When that mortgage was foreclosed, GE assigned its interest to Watch Omega’s predecessor in title, CJU, Ltd. (CJU). In 1998, CJU transferred that interest to Watch Omega. In 2003, when title work was being performed on Watch Omega’s property, the parties first learned that the record title to the parcel of land on which the retention pond is located remained in the name of Candler Holdings. Until that time, the parties were under the mistaken impression that the legal description of the retention pond parcel had been included in the mortgaged property.
Upon learning that it had legal title to the retention pond, Candler Holdings asserted an interest in the property. Watch Omega responded by filing a two-count complaint for adverse possession and reformation of mortgage and deed.[2] The complaint sets forth a legal description for the retention pond parcel.[3] Watch Omega alleges that on its ad valorem tax returns the legal description of the retention pond was included within the legal description of the Lafayette Place Shopping Center. Those returns, however, were neither appended to the complaint nor introduced into evidence below; and are not contained in this record.
In support of its motion for summary judgment, Watch Omega filed the affidavits of representatives of CJU and Watch Omega. Both assert that a review of Leon County’s tax rolls indicate that the retention pond was treated as part of the Lafayette Place Shopping Center. No public records are appended to either affidavit and no public records were introduced into evidence below by Watch Omega. In his affidavit in opposition to the motion for summary judgment, the principal of Candler Holdings, Asa G. Candler, disputes Watch Omega’s contention, stating that the Lafayette Place Shopping Center and the retention pond are two separate parcels for tax purposes. In his earlier deposition, Candler had testified that his son had talked to someone in the Leon County Tax Assessor’s Office and was told that, because the parcel containing the retention pond was so small, no tax bill had been sent regarding that parcel. Candler Holdings did not introduce any public records in support of Candler’s statements.
At the summary judgment hearing, Candler argued that, to obtain relief pursuant to section 95.18, it was Watch Omega’s affirmative duty to prove it had filed “a return of the property by proper legal description to the property appraiser of [Leon County] within one year after entering into possession and ... subsequently *1234 paid all taxes ... levied against the property ...” as required by section 95.18(1). Even though the record does not contain evidence of such a return,[4] or the form DR-452, Florida Administrative Code Rule 12D-16.002, mentioned in Manin v. Milander, 452 So.2d 997 (Fla. 3d DCA 1984), the trial court entered final summary judgment in favor of Watch Omega, relying upon Candler’s deposition testimony that he had not paid taxes on the property containing the retention pond and rejecting his affidavit on the grounds that it constituted hearsay.
As stated in Meyer v. Law, 287 So.2d 37, 40-41 (Fla.1973):
In Florida, there are only two ways to acquire land by adverse possession. First, without color of title, the claimant must show seven years of open, continuous, actual possession, hostile to all who would challenge such possession, must both pay all taxes for the seven year period, returning said land for taxes during the first year of occupation, and enclose or cultivate said lands for the seven year period. Second, with color of title, the claimant must show he entered into possession of the premises under a claim based upon a written instrument of conveyance of the premises in question, or deed, or judgment of a competent court, and there has been a continued occupation and possession of the premises ...
[[Image here]]
Public policy and stability of our society, ..., requires strict compliance with the appropriate statutes by those seeking ownership through adverse possession.
Under either section 95.16 [5] or section 95.18, Florida Statutes (2003) “the possession of the real property by the one asserting the right must be continuous, adverse, and exclusive of any other right.” Mullins v. Colbert, 898 So.2d 1149, 1151 (Fla. 5th DCA 2005). As we explained in Turner v. Wheeler, 498 So.2d 1039, 1042 (Fla. 1st DCA 1986):
Adverse possession is not favored and all doubts are resolved in favor of the owner. It is essential to a finding of adverse possession that the possessor’s use not be permissive. Actual use is presumed permissive and the user has the burden to demonstrate that his use was without permission. Permissive use can become adverse, but only upon clear, positive and distinct notification of the owner by the permissive user that he is claiming the property other than by permission.
(Citations omitted). “Each essential element of an adverse possession claim must be proven by clear and convincing evidence.” Bailey v. Hagler, 575 So.2d 679, 681 (Fla. 1st DCA 1991). (Citations omitted). “The claim cannot be ‘established by loose, uncertain testimony which necessitates resort to mere conjecture.’ ” Grant v. Strickland, 385 So.2d 1123, 1125 (Fla. 1st DCA 1980)(quoting Downing v. Bird, 100 So.2d 57, 64 (Fla.1958)). In addition, “[t]o establish adverse possession without color of title, the claimant must show ... payment of all taxes by proper legal description for the statutory period.” McLemore *1235 v. McLemore, 675 So.2d 202, 206 (Fla. 1st DCA 1996).
The requirements of the statute and the case law were not met in this case. As the movant for summary judgment, Watch Omega bore a heavy burden, see Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095 (Fla. 1st DCA 1999), and was required to prove “a negative ... the nonexistence of a genuine issue of material fact,” Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966), before “it becomes necessary to determine the legal sufficiency of the affidavits or other evidence submitted by the party moved against.” Id. Watch Omega’s reliance solely on the bare affidavits of representatives of it and CJU was clearly insufficient to meet its heavy burden. The affiants’ review of the public records and assertion that the appropriate taxes had been paid on the disputed property, by itself, was insufficient to establish adverse possession here. Zoda v. Hedden, 596 So.2d 1225, 1226 (Fla. 2d DCA 1992)(unau-thenticated documents referred to in the affidavit of appellee’s counsel, Walter E. Smith, which were not attached to his affidavit, constituted incompetent hearsay not sufficient to support summary judgment). “[A] corporate officer’s affidavit which merely states conclusions or opinion [is insufficient] even if it is based on personal knowledge.” Alvarez v. Florida Ins. Guar. Ass’n, 661 So.2d 1230, 1232 n. 2 (Fla. 3d DCA 1995)(citing Nour v. All State Pipe Supply Co., 487 So.2d 1204, 1205 (Fla. 1st DCA 1986)).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, VAN NORTWICK, and THOMAS, JJ., concur.

. Section 95.18, which has remained substantively the same throughout the period of the parties’ transactions, with one very minor technical change, see chapter 95-147, § 523, at 394, Laws of Florida, provides:
(1) When the occupant or those under whom the occupant claims have been in actual continued occupation of real property for 7 years under a claim of title exclusive of any other right, but not founded on a written instrument, judgment, or decree, the property actually occupied shall be held adversely if the person claiming adverse possession made a return of the property by proper legal description to the property appraiser of the county where it is located within 1 year after entering into possession and has subsequently paid all taxes and matured installments of special improve *1233 ment liens levied against the property by the state, county, and municipality.
(2) For the purpose of this section, property shall be deemed to be possessed in the following cases only:
(a) When it has been protected by substantial enclosure.
(b) When it has been usually cultivated or improved.

. The count seeking reformation is not before us.

. We note that the legal description in the complaint is not identical to the legal description contained within the final summary judgment.

. See Forman v. Ward, 219 So.2d 68, 69 (Fla. 1st DCA 1969)(suggesting that compliance with this requirement of section 95.18 may be achieved by delivering a return based upon a legal description "having reference to a book and page number in the records of the circuit court clerk where a recorded deed may be found.").

. Section 95.16, Florida Statutes (2003), addressing adverse possession under color of title, has not been invoked in this case.