988 So.2d 735 (2008)
Katia LAREMONT, Appellant,
v.
ABSOLUTE HEALTH CARE FOR WOMEN OF ALL AGES, P.A., A Florida professional service corporation, Appellee.
No. 4D07-4365.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
*736 Margaret L. Cooper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellant.
Ellen D'Arcangelo of Ward, Damon & Posner, P.A., West Palm Beach, for appellee.
MAY, J.
The missing essential term of a verbal agreement led the trial court to enter a summary judgment against an employee. On appeal, the employee argues that genuine issues of fact precluded the entry of a summary judgment. The employee also argues that the trial court erred in awarding attorney's fees. We affirm.
The original, written employment agreement between the employee, a doctor, and the employer, a health care office, terminated in July, 2001. At that point, the employee and the employer entered into an oral agreement to continue the employment arrangement. In 2003, they entered into a verbal agreement to terminate her employment, the terms of which are the subject of the motion for summary judgment and this appeal.
The employee filed an amended three-count complaint. Count I alleged that the employer breached the 2003 verbal agreement in which it had agreed to pay the employee "all outstanding payments due and owing her as compensation for work performed," allegedly $31,149.65. Count II alleged a claim for account stated; Count III alleged a claim for quantum meruit.
The employer answered the complaint, asserted three affirmative defenses, and requested attorney's fees and costs, pursuant to section 448.08, Florida Statutes (2003). It moved for summary judgment.
In the affidavits filed in support of the motion, an officer and registered agent of the employer attested that at the time the employee was terminated, he agreed to pay the employee what she was due, but no specific amount was mentioned. He believed the amount owed was $4,116.03, an amount for which a check was subsequently issued, accepted, and cashed by the employee. Another employee, who was present during the conversation, attested that a specific amount was never discussed.
In answers to interrogatories, the employee indicated that the employer agreed to pay her $31,149.65 upon termination of her employment. However, during her deposition, the employee admitted that neither a dollar amount nor a release of other claims was discussed when the verbal agreement was reached.
The employee testified that she did not know whether she had been paid in full for each of the two years of her written employment agreement, and did not recall the precise salary amounts agreed upon under the written agreement. She insisted her claim was based solely upon the verbal agreement reached in 2003 to be paid the "amount due." The employee admitted receiving and depositing the $4,116.03 check from employer.
The trial court granted the employer's motion for summary judgment finding that *737 the record failed to support the amount alleged to be due and therefore the claims for breach of contract, account stated and quantum meruit could not be established. The employer moved for attorneys' fees and costs, pursuant to section 448.08. The trial court granted the motion, concluding that the employee's action was one for back wages. The employee timely appealed the final summary judgment and the supplemental judgment on attorney's fees and costs.
We review final summary judgments de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). "A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Fisel v. Wynns, 667 So.2d 761, 764 (Fla.1996) (quoting Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)). However, when no construction of the facts yields a reasonable inference tending to prove an element necessary for the claim, summary judgment is warranted. Id.; see Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782-83 (Fla.1965).
Here, the facts were crystallized and no construction of them yielded a reasonable inference tending to prove an essential element of the employee's claims. Both the employee and the employer agree that they did not discuss a precise sum when they agreed to pay the employee the amount owed. The employee asked to be paid what was owed and the employer agreed to do the same. Thus, the trial court properly granted summary judgment because the employee failed to establish mutual assent to an essential element of her claim for breach of contract. See State v. Family Bank of Hallandale, 623 So.2d 474, 479 (Fla.1993) ("Mutual assent is an absolute condition precedent to the formation of a contract.").
The same is true for the other two claims. The employee failed to adduce any proof of the value of work performed for her quantum meruit claim. The account stated claim failed because the employee was unable to establish a relationship giving rise to an account or the amount of the account.
The employee argues that the trial court erred in awarding attorney's fees and costs to the employer under section 448.08, Florida Statutes (2003). We disagree. That statute authorizes a trial court to award attorney's fees and costs "to the prevailing party in an action for unpaid wages." § 448.08, Fla. Stat. (2003). The trial court specifically found that "the subject matter of the claim was compensation for back wages," exercised its discretion, and awarded attorney's fees and costs against the employee. We affirm.
On appeal, the employee attempts to distance her allegations from a claim for unpaid wages, and argues that the 2003 verbal agreement was an exchange of monies owed for the employee's forbearance of valid claims against the employer. Her pleadings and testimony however belie her argument.
Paragraph 5 of her First Amended Complaint specifically alleges that the employer would pay her "all outstanding payments due and owing her as compensation for work performed." Paragraph 9 of the breach of contract claim alleged that payment was for the "full value of her work and services." The account stated claim referred to the employee's business transactions with the employer, all of which involved payment "for work performed." The quantum meruit claim alleged the employer, "engaged in the general practice of gynecology and obstetrics," promised to pay employee for her "services as a licensed and trained gynecologist and Obstetician." In fact, one of the employee's *738 responses to the missing amount to be paid was that the amount could be determined by subtracting what she received from the salary she was to be paid for her services under the employment agreement. For all of these reasons, we find no error in the trial court's award of attorney's fees, pursuant to section 448.08, Florida Statutes.
Affirmed.
WARNER, J. and BIDWILL, MARTIN J., Associate Judge, concur.