MAY, J.
 

 The plaintiffs appeal an adverse summary judgment in a negligence action against the defendant subcontractor for personal injuries resulting from a work-related fall. They argue the trial court erred in granting the defendant’s motion for summary judgment. We disagree and affirm.
 

 The plaintiffs, an employee of a window subcontractor and his wife filed a two count amended complaint against another subcontractor, who installed safety railings at the construction site. Count I alleged that the defendant negligently installed a safety railing on the third floor of a building under construction. Count II sought loss of consortium. The employee fell from a third story balcony while working on a unit’s sliding glass door track. Among other things, the amended complaint alleged that the defendant was “negligent for not installing and/or constructing the Safety Boot Rail System in accordance with specific and detailed instructions provided with this Safety Boot Rail System to assure that it functions as designed.”
 

 The court held a hearing on the defendant’s motion for summary judgment. The uncontested facts established that the defendant was responsible for installing the guardrails, but not responsible for selecting or paying for the type of material used or for maintaining the guardrail system. Multiple witnesses gave deposition testimony, which was admitted into evidence. The defendant also submitted an affidavit from an independent safety consultant, who, having viewed the guardrails, attested to their proper construction. At the conclusion of the hearing, the trial court indicated that it would grant the motion on the negligence issue. It subsequently entered an order.
 

 The court then granted rehearing and considered an affidavit from the plaintiffs’ human factors and industrial safety expert. Following the rehearing, the court entered
 
 *819
 
 a second order granting summary judgment. In it, the court stated:
 

 The record establishes that the design, maintenance and component parts of the safety rails were provided and directed by the general contractor, Alliance Construction. The record establishes no inferences that Boulanger had any responsibility other than the erection of the safety rails from the materials provided by the general contractor. The general contractor specifically provided chains to be used. There is no evidence or inference that Defendant Boulanger Drywall undertook any duty to do anything other than assembly. There is no evidence or inference of negligence in the assembly of the safety rail component parts as supplied by the general contractor.
 

 From this order, the plaintiffs now appeal.
 

 We review final summary judgments
 
 de novo. Laremont v. Absolute Health Care for Women of All Ages, P.A.,
 
 988 So.2d 735, 737 (Fla. 4th DCA 2008).
 

 Here, the defendant provided testimony from multiple sources establishing that the safety rail system was installed properly and in conformance with OSHA standards. The defendant did not choose the material used as a guardrail; rather, the general contractor provided the material for the guardrail. Still other testimony established that the general contractor and an independent safety company were responsible for the guardrail’s maintenance, not the defendant. Therefore, the defendant “tenderfed] competent evidence in support of his motion.”
 
 Craven v. TRG-Boynton Beach, Ltd.,
 
 925 So.2d 476, 480 (Fla. 4th DCA 2006).
 

 On rehearing, the plaintiffs submitted an affidavit from their human factors and industrial safety expert. The affidavit attested that “[t]he Safety Boot guardrail system was not properly installed” based upon his reference to the manufacturer’s installation instructions depicting the required railings. Significantly, the affidavit was not based upon his personal knowledge. The expert had simply reviewed the installation booklet, viewed photographs of the chain-link guardrails, and provided his opinion. There was no proof that he ever examined the safety rail system or had any other personal knowledge regarding the system.
 
 [1]
 

 See Castro v. Brazeau,
 
 873 So.2d 516, 517 (Fla. 4th DCA 2004).
 

 This is a classic example of why motions for summary judgment exist within the Florida Rules of Civil Procedure. The defendant established that it did not negligently install the guardrail system. The plaintiffs were unable to establish the existence of a genuine issue of material fact. The trial court correctly entered a summary judgment and we affirm.
 

 Affirmed.
 

 DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . And, there was more. Evidence revealed that another worker on the job may have taken the chains down, allowing the employee to fall while the chains were unattached. Alternatively, the fact that the employee traveled eighteen to twenty feet away from the balcony it suggested that he tripped over a hose or door frame, or perhaps became dizzy due to a health condition.