VILLANTI, Judge.
 

 Alicia Arce appeals the final summary judgment entered in favor of Raymond A. Haas; Raymond A. Haas, P.A.; and Haas, Dutton, Blackburn, Lewis & Long-ley, P.A. (collectively “Haas”), in Arce’s action against them for legal malpractice. The alleged malpractice arose in the context of an action for personal injuries brought against Arce by one Joy Beaufort following an automobile accident. Haas was retained by Arce’s automobile insurance carrier, GEICO, to defend Arce in the personal injury action.
 

 After a stipulated judgment was entered in favor of Beaufort and against Arce for $450,000, Arce brought this legal malpractice action against Haas based on events surrounding the negotiation and implementation of an alleged settlement agreement between Beaufort and Arce. After minimal discovery, the trial court entered final summary judgment in favor of Haas, finding that “the facts clearly and unequivocally convince this Court that legal malpractice was not committed.” Arce then brought this appeal from the final summary judgment.
 

 “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)); see
 
 also Bermont Lakes, LLC v. Rooney,
 
 980 So.2d 580, 586 (Fla. 2d DCA 2008). When considering a motion for summary judgment, the trial court may not weigh the credibility of witnesses or resolve disputed issues of fact.
 
 See Jones v. Stoutenburgh,
 
 91 So.2d 299, 302 (Fla.1957);
 
 Williams v. Bd. of Pub. Instruction of Flagler Cnty.,
 
 61 So.2d 493, 493 (Fla.1952);
 
 Strickland v. Strickland,
 
 456 So.2d 583, 584 (Fla. 2d DCA 1984). Instead, if the record reflects any disputed issue of material fact, a motion for summary judgment must be denied.
 

 Having carefully reviewed the record on appeal in this case and having considered the well-presented arguments made at oral argument, we agree with Arce that there are disputed issues of material fact concerning the scope of the alleged settlement agreement between Arce and Beaufort and the timing of certain events leading up to the entry of the judgment against Arce. The trial court was not permitted to resolve these disputed issues or weigh the evidence to determine whether legal malpractice was committed. And these disputed issues of material fact precluded entry of final summary judgment in favor of Haas.
 

 We also note that it appears that the trial court applied the incorrect legal standard when considering Haas’s motion. In its order granting summary judgment, the court stated that the facts “clearly and unequivocally convince this Court” that le
 
 *532
 
 gal malpractice had not occurred. However, the trial court’s opinion of the weight of the evidence and its speculation as to the case’s ultimate outcome are immaterial at the summary judgment stage.
 
 See Bishop v. City of Clearwater,
 
 258 So.2d 337, 339 (Fla. 2d DCA 1972) (noting that the trial court’s consideration of a motion for summary judgment “ ‘may not be influenced by the chances of success which [the court] considers either party may have on the trial’ ” (quoting
 
 Benson v. Atwood,
 
 177 So.2d 380, 383 (Fla. 1st DCA 1965))). Instead, the court’s focus must be limited to whether disputed issues of material fact exist and, if not, whether the moving party is entitled to judgment in their favor as a matter of
 
 law,
 
 not as a matter of
 
 fact.
 
 Thus, even if the record had not reflected disputed issues of material fact, we would have been compelled to reverse the final summary judgment and remand for the trial court to reconsider Haas’s motion in light of the proper legal standard.
 

 Reversed and remanded for further proceedings.
 

 ALTENBERND and DAVIS, JJ„ Concur.