CRENSHAW, Judge.
Dorothy and Jeffrey Fitzherbert appeal a final summary judgment entered in favor of Inland U.S. Management and R. Daniel Guinsler (collectively Inland). The Fit-zherberts previously filed a negligence action against Inland seeking damages for injuries Mrs. Fitzherbert sustained after tripping on the side of a ramp in front of a Marshalls store on October 27, 2007. Because we conclude that Inland’s summary judgment evidence was insufficient to establish as a matter of law that Inland discharged its duty, we reverse the final summary judgment and remand for further proceedings.
The Fitzherberts contended that Mrs. Fitzherbert fell because the ramp and adjoining road surface were not properly painted or repaired. Therefore, they believed that Inland had a duty to detect and warn of dangerous conditions on the premises and a duty to exercise reasonable care in the maintenance, inspection, and repair of the premises. Inland moved for final summary judgment, arguing that the condition of the ramp and the contiguous pavement was not a dangerous condition as a matter of law and that it had no duty to warn patrons of the open and obvious condition of the ramp and surrounding pavement. The trial court conducted a hearing and, based on Inland’s summary judgment evidence, found that Inland had no duty to warn because the sidewalk and ramp did not create a dangerous condition or foreseeable zone of risk. Accordingly, the trial court concluded that Inland was entitled to a judgment as a matter of law.
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The party moving for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact and must tender competent evidence to support the motion. See Landers v. Milton, 370 So.2d 368, 370 (Fla.1979). Our review of a trial court order granting a motion for summary judgment is de novo. Sherry v. Regency Ins. Co., 884 So.2d 175, 177 (Fla. 2d DCA2004).
Here, the parties’ arguments below focused on whether Inland was entitled to a judgment as a matter of law over its duty to warn of an alleged dangerous condition. Yet the trial court’s determination on Inland’s duty to warn did not discharge Inland of its duty to maintain the premises in a reasonably safe condition.
In Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990) (en banc), this court distinguished between the types of duties owed to a business invitee by a landowner. Mrs. Bryant sustained injuries in front of a supermarket when she stepped from the sidewalk onto a raised speed bump in the fire lane and fell. Id. at 1348. She and her husband filed an action against the owner of the premises, “asserting that the speed bump was not ‘reasonably visible’ to pedestrians and constituted a hazardous condition of which Lucky Stores had a duty to warn.” Id. Lucky Stores moved for summary judgment, asserting that the speed bump was an open and obvious condition which it had no duty to warn about. The trial court *340 agreed with Lucky Stores and granted final summary judgment in its favor.
This court reversed, holding that a party moving for summary judgment in a negligence case must show that there was no duty owed to the plaintiff or that it did not breach a duty which was owed. Id. at 1349. Ultimately, we determined that there were disputed questions of fact as to whether Mrs. Bryant should have seen the speed bump and whether the manner in which the speed bump was placed constituted an unsafe condition. See id. In so doing, this court pointed out that Lucky Stores also owed a duty to Mrs. Bryant “to maintain its premises in a reasonable and safe manner.” Id.; see also Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991) (“While the open and obvious nature of a hazard may discharge a landowner’s duty to warn, it does not discharge the landowner’s duty to maintain the property in a reasonably safe condition.”).
The trial court in this case ruled that there was no duty to warn based on the obvious conditions of the ramp and the surrounding surface. However, Inland failed to provide any attachments in its summary judgment motion demonstrating the nonexistence of any genuine issue of material fact as to its duty to maintain the premises, and the trial court neither discussed nor made such a determination in the final summary judgment. Therefore, Inland simply failed to meet its burden to establish that it was entitled to a judgment as a matter of law, and we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J, and NORTHCUTT, J., Concur.