RAIDEN, MICHAEL E., Associate Judge.
Appellants Camilla and Brian Bernhardt, the plaintiffs below, appeal a final summary judgment entered on behalf of Appellees Michael and Edith Halikoytakis and Point Builders, Inc. Because we have determined that certain genuine issues of material fact remained at the time summary judgment was entered, we reverse.
The Bernhardts’ lawsuit followed a June 2008 accident in which Ms. Bernhardt fell while jogging. She attributed the fall to a broken sidewalk and was able to identify the site of the accident with some certainty. It was located at or near the boundary line between properties owned by two additional sets of defendants who are not involved in the claim at issue during the *1008 summary judgment proceedings.[1] The Bernhardts alleged that the sidewalk was damaged during construction by Point Builders on behalf of Mr. and Ms. Halikoy-takis, who operate a small shopping center called Hali Plaza located across the street from where Ms. Bernhardt fell. In them motions for summary judgment, Point Builders and the Halikoytakises contended that there was no reasonable interpretation of the existing evidence that could impute any negligence to either of them.
In considering the entry of summary judgment, the trial court reviewed deposition testimony and other evidence that need not be described in exhaustive detail here. Craig Belfatto, who resides across the street from Hali Plaza, testified that while he did not actually see the sidewalk damage as it occurred, the sidewalk was not in the same condition prior to the construction activity, which had concluded shortly before the accident. Further, Mr. Belfatto stated that heavy construction equipment had been parked in the vacant lot next to his house and that the equipment would have had to travel over the sidewalk to access Hali Plaza. Defense witnesses, including Mr. Halikoytakis, denied that the damage had been done during the construction and testified that the sidewalk had been in the same condition in 2007. Appellees also disputed how many times equipment had been placed in the vacant lot, as well as the type of equipment that was present.
The trial court acknowledged that summary judgment would be improper if this were all the evidence presented. However, the court also viewed a Google Earth photograph that was alleged to have been taken in 2007. The court interpreted the photograph as showing the same amount of damage as depicted in photographs taken immediately after Ms. Bernhardt’s fall. The court described this photograph as “pretty compelling.” In response, the Bernhardts proffered the affidavit of their expert witness, who had opined that the Google photograph was not adequate to permit the trier of fact to determine whether conditions were the same at the time of the fall. The expert also stated that “multiple applications of force to the broken sidewalk sections over time” could have exacerbated any damage existing in 2007. However, the trial court ruled that expert testimony was not needed to interpret the photograph and that the expert’s theory about continuing damage was “sheer speculation.”
This court reviews de novo a trial court’s decision on a motion for summary judgment. Redland Ins. Co. v. Cem Site Constructors, Inc., 86 So.3d 1259, 1261 (Fla. 2d DCA 2012). The movant’s burden is to come forward with competent evidence to demonstrate the nonexistence of a material issue of fact. Fitzherbert v. Inland U.S. Mgmt., 90 So.3d 338 (Fla. 2d DCA 2012). It has been stated that the movant’s burden essentially amounts to “proving] a negative.” Candler Holdings Ltd. I v. Watch Omega Holdings, L.P., 947 So.2d 1231, 1235 (Fla. 1st DCA 2007) (internal quotation marks omitted). All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available. Cole Taylor Bank v. Shannon, 772 So.2d 546, 550 (Fla. 1st DCA 2000); see also Bratt ex rel. Bratt v. Laskas, 845 So.2d 964, 966 (Fla. 4th DCA 2003). It is improper to consider either the weight of the conflicting evidence or the credibility *1009 of witnesses in determining whether a genuine issue of material fact exists. Juno Indus., Inc. v. Heery Int’l, 646 So.2d 818, 822 (Fla. 5th DCA 1994). Further, “when a defendant moves for summary judgment, neither the trial court nor this court determines whether the plaintiff can prove the cause of action alleged.” Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995).
In the context of a negligence case such as this, trial courts are advised to proceed with particular caution when a motion for summary judgment involves a question of causation because the issue is so fact-specific. See id.; see also Petrusha v. Smartparks-Silver Springs, Inc., 914 So.2d 502, 505 (Fla. 5th DCA 2005). A successful defense motion for summary judgment must “establish unequivocally the absence of negligence! ] or that the plaintiffs negligence was the sole proximate cause of the injury.” Hervey, 650 So.2d at 646.
With this template in mind, we conclude that genuine issues of material fact exist notwithstanding the Google Earth photograph. While the photograph does corroborate the testimony of defense witnesses regarding the extent of the sidewalk’s damage prior to the Hali Plaza construction project, the trial court erred in giving the picture such conclusive effect. Accordingly, we reverse the summary judgment entered in favor of Appellees and remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.

. These parties are listed as appellees pursuant to Florida Rule of Appellate Procedure 9.020(g)(2).