NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JONATHAN McNABB,⁣ )
⁣ )
　　　　Appellant, )
⁣ )
v. ) 　　Case No. 2D15-4838
⁣ )
TAYLOR ELEVATOR CORP.; BAY )
VILLAGE CLUB CONDOMINIUM )
ASSOCIATION, INC.; and D.G. )
SUITOR & ASSOCIATES, INC., )
⁣ )
　　　　Appellees. )
_____)

Opinion filed August 17, 2016.

Appeal from the Circuit Court for Lee
County; Elizabeth V. Krier, Judge.

Thomas B. DeMinico of Lusk, Drasites, &
Tolisano, PA., Cape Coral, for Appellant.

Michael J. Schwartz of Schwartz &
Kirschbaum, Miami, for Appellee Taylor
Elevator Corp.

No appearance for remaining Appellees.


KHOUZAM, Judge.

　　　　Jonathan McNabb appeals the final summary judgment entered in favor of

Taylor Elevator Corp.  We reverse.

The dispute in this case arose after McNabb slipped and fell near an elevator on the premises of Bay Village Club Condominium Association, Inc. Bay Village owned the premises but contracted with Taylor Elevator Corp. to maintain its elevators. At some point prior to McNabb's fall, a Victaulic seal in the elevator machinery broke and leaked oil into the machine room and out into the hallway. McNabb slipped and fell on the oil, injuring himself. Darren Gulmy, an elevator service technician, serviced the leak after McNabb's fall. In his deposition, Gulmy stated that the Victaulic seal was leaking at a rate of a drip every two seconds. He also testified that the oil on the floor of the machine room was a quarter-inch deep.

McNabb filed suit alleging that Bay Village and Taylor Elevator were negligent for failing to properly maintain the elevator and surrounding area. Bay Village and Taylor Elevator moved for summary judgment. Taylor Elevator submitted evidence showing that three days prior to McNabb's fall, it had inspected the elevator machinery, including the Victaulic seal. The inspectors testified in their depositions that the seal was not leaking at time of the inspection. In opposition to Taylor's motion for summary judgment, McNabb submitted the affidavit of Dr. Charles Benedict, a mechanical engineering expert. In his affidavit, Dr. Benedict opined, in pertinent part, that the Victaulic seal had been leaking between four-and-a-half to eighteen days. He based this opinion on the flow rate of the oil leaking from the seal as observed by Gulmy, drip tests based on Gulmy's description, the depth of the oil observed by Gulmy, and the dimensions of the machine room.

The trial court granted Taylor Elevator's motion for summary judgment.[1] In doing so, it discounted Dr. Benedict's affidavit:

> I'm going to discount this affidavit of Charles Benedict, because I don't believe it's based on any actual facts. To me this is just really more in the line of pleading because he's saying theoretically speaking, et cetera, et cetera, et cetera. And [Taylor Elevator has] a ton of evidence that indicates that three days before this slip and fall there was nothing on the floor. It was inspected, there [were] no problems that anybody could see.

On appeal, McNabb argues that the trial court erred in granting summary judgment in favor of Taylor Elevator because Dr. Benedict's affidavit created a material issue of fact.[2] We agree.

"This court reviews de novo a trial court's decision on a motion for summary judgment." Bernhardt v. Halikoytakis, 95 So. 3d 1006, 1008 (Fla. 2d DCA 2012). The burden is on the moving party "to come forward with competent evidence to demonstrate the nonexistence of a material issue of fact." Id. Supporting or opposing affidavits must set forth facts based on personal knowledge "as would be admissible in evidence." Fla. R. Civ. P. 1.510(e); see also W. Edge II v. Kunderas, 910 So. 2d 953, 954 (Fla. 2d DCA 2005). Once a movant meets his or her initial burden, the burden shifts to the opposing party to come forward with evidence to the contrary. First N. Am.

---

[1]The trial court also granted summary judgment in favor of Bay Village. That judgment is the subject of appeal number 2D15-5613.

[2]McNabb also argues that the trial court erred in passing on the credibility of Dr. Benedict. At one point in addressing the affidavit, the trial court described the affidavit as "not credible." To the extent that the trial court was addressing the credibility of Dr. Benedict, it erred. See Arce v. Haas, 51 So. 3d 530, 531 (Fla. 2d DCA 2010) ("When considering a motion for summary judgment, the trial court may not weigh the credibility of witnesses or resolve disputed issues of fact.").

- 3 -

Nat'l Bank v. Hummel, 825 So. 2d 502, 503 (Fla. 2d DCA 2002). In ruling on the motion, the trial court is precluded from weighing the evidence. 4 Corners Ins., Inc. v. Sun Publ'ns of Fla., Inc., 5 So. 3d 780, 784 (Fla. 2d DCA 2009). "[T]he merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment." Id. (alteration in original) (quoting Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000)).

Although Taylor Elevator produced evidence tending to show that the Victaulic seal was not leaking at the time of its inspection three days before McNabb fell, Dr. Benedict opined that the oil must have been leaking for four-and-a-half to eighteen days prior to the accident. This conflicting evidence created a material issue of fact. The trial court erred in finding that Dr. Benedict's affidavit was not based on any facts. Dr. Benedict's conclusions as to the duration of the leak were based on a drip test, Gulmy's observation of the drip rate, the depth of the oil as described by Gulmy, and the dimensions of the machine room.[3] Moreover, the trial court improperly weighed the evidence when it discounted Dr. Benedict's affidavit and reasoned that Taylor Elevator had a large amount of evidence indicating that the seal was not leaking at the time of the inspection. Accordingly, we reverse the summary judgment entered in favor of Taylor Elevator and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3]The trial court did not fully assess Dr. Benedict's affidavit under the Daubert standard. See § 90.702, Fla. Stat. (2015). We decline to engage in such an analysis for the first time on appeal and express no opinion as to whether the affidavit meets that standard.

VILLANTI, C.J., and SALARIO, J., Concur.