NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN McNABB,                          )
                                          )
            Appellant,                    )
                                          )
v.                                        )          Case No.  2D15-5613
                                          )
BAY VILLAGE CLUB CONDOMINIUM              )
ASSOCIATION, INC.; TAYLOR ELEVATOR        )
CORP.; and D.G. SUITOR & ASSOCIATES,      )
INC.,                                     )
                                          )
            Appellees.                    )
_____)

Opinion filed March 29, 2017.

Appeal from the Circuit Court for Lee
County; Elizabeth V. Krier, Judge.

Thomas B. Deminico of Lusk, Drasites &
Tolisano, P.A., Cape Coral, for Appellant.

Kelly Fantetti and Vanessa Ross of
Groelle & Salmon, P.A., Sarasota, for
Appellee Bay Village Club Condominium
Association, Inc.

No appearance for remaining Appellees.

SILBERMAN, Judge.

         Jonathan McNabb seeks review of a final summary judgment in favor of

Bay Village Condominium Association, Inc., in this slip and fall case.  The trial court

determined as a matter of law that Bay Village did not have notice of the oil leak that

allegedly caused the accident. We reverse because the court erroneously refused to consider an affidavit that created a genuine issue of material fact.

McNabb filed a complaint for injuries he allegedly sustained when he slipped and fell on a foreign substance on Bay Village's premises. McNabb alleged that Bay Village owed McNabb a duty to keep the premises safe, to keep the premises free from debris, and to warn of any dangerous conditions. Bay Village moved for summary judgment based on its defense that it did not have notice of the dangerous condition. In support of its motion, Bay Village presented the following deposition testimony.

McNabb testified that he slipped on what he assumed was hydraulic oil in a hallway outside the elevator on the ground floor of a condominium building. He did not see the oil before he slipped, and he did not know how long it had been on the floor. After he fell, he noticed oil seeping from under the door of the machine room next to the elevator into the hallway. It had made a puddle that was about four or five feet wide.

Karyn McNabb and Judith Maurer testified that they saw oil in the hallway when they returned home a short while after the accident. Karyn reported the oil to Brad Brian, who performed maintenance for Bay Village. Brian called Taylor Elevator Corporation, and Taylor sent out elevator technician Darren Gulmy a few hours later. Gulmy testified that there was oil about a quarter of an inch deep in the machine room and some had leaked into the hallway to form a puddle. Gulmy concluded that a leaking Victaulic seal on a pipe in the machine room was the source of the oil. He calculated that the pipe was leaking oil at a rate of about one drip every two seconds.

None of these people saw any footprints or marks in the oil which would indicate that it had been walked through. And none of the professionals could

determine when the leak started or how long it would have taken for the leak to get from the machine room into the hallway where McNabb fell. Three days prior to the accident, the elevator had been inspected by inspector Stanley Rigby and Taylor Elevator's elevator technician Roger Hicks. They did not see any leaks in the machine room.

Based on this testimony, Bay Village argued it was entitled to summary judgment because there was no evidence regarding how long the oil had been in the hallway. McNabb did not dispute Bay Village's assertion that it did not have actual knowledge of the oil leak. The only disputed issue was whether Bay Village had constructive knowledge of the oil leak.

In opposition to Bay Village's motion for summary judgment, McNabb presented the affidavit of Dr. Benedict, a professional engineer with a Ph.D. in mechanical engineering. Dr. Benedict relied on (1) Gulmy's testimony describing the extent and source of the oil leak, (2) Brian's testimony about the call from Karyn McNabb, (3) the testimony of Hicks and Rigby regarding code violations they discovered, (4) service records describing the leak and the condition of the equipment on the evening of the incident, and (5) his personal inspection of the machine room and hallway.

Dr. Benedict relied on Gulmy's estimate that the depth of the oil in the machine room was 1/4 inch to conclude that the oil had been leaking for approximately eighteen days. He also testified that even if the depth of the oil was closer to 1/16 inch, the oil had been leaking for approximately 4.5 days. At any rate, Dr. Benedict believed the leak had been occurring for at least twenty-four hours prior to the accident.

The trial court discounted Dr. Benedict's affidavit for the following reasons:

The expert affidavit filed by the Plaintiff lacked credibility &/or reliability as he was not an elevator expert; he first testified that the leak was possibly there for anywhere from 4.5 days to 18 days, and then changed his testimony and said it was there for more than 24 hours. His opinion was weak, and could only state that the leak was possibly long term. This leaves open that other possibilities are equally as likely.

The court made the following findings. The elevator had been inspected three days prior to the accident, and no leak was detected. The leak was not reported to Bay Village until after the accident. The puddle of oil did not have track marks going through it, and there was no other evidence that the oil had been in the hallway for a long time. In fact, Karyn McNabb did not see the leak until after the accident, and McNabb himself was not sure what he slipped on. While there was evidence that the elevator machinery was not up to code, none of the violations concerned any equipment that would have caused an oil leak. The court concluded that "Bay Village was not on constructive notice of the leak as a matter of law based on the undisputed facts."

McNabb argues that the trial court erred in discounting Dr. Benedict's affidavit based on a lack of credibility and reliability. He also argues that the court erred in granting summary judgment because Dr. Benedict's affidavit created a genuine issue of material fact. We find merit in both arguments.

Summary judgment should only be granted when the evidence establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Arce v. Haas, 51 So. 3d 530, 531 (Fla. 2d DCA 2010) (quoting Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006)). The trial court is precluded

from weighing witness credibility and speculating about the nonmoving party's chance of success. Id. at 531-32.

In rejecting Dr. Benedict's affidavit, the trial court explicitly weighed witness credibility by finding that Dr. Benedict's affidavit "lacked credibility &/or reliability." The court also speculated about McNabb's chance of success by finding that Dr. Benedict's "opinion was weak" and "leaves open that other possibilities are equally as likely." This was error. In fact, this court has already stated that the same judge made a similar error in determining that a previous affidavit of Dr. Benedict's lacked credibility. See McNabb v. Taylor Elevator Corp., 203 So. 3d 184, 185 n.2 (Fla. 2d DCA 2016).[1]

We recognize that the trial court is not required to consider affidavits that are not based upon personal knowledge or are devoid of evidentiary support. See Jones Constr. Co. of Cent. Fla., Inc. v. Fla. Workers' Comp. JUA, Inc., 793 So. 2d 978, 980 (Fla. 2d DCA 2001); Howard v. Boulanger Drywall Corp., 23 So. 3d 817, 819 (Fla. 4th DCA 2009). However, Dr. Benedict's affidavit was based on his personal knowledge as gleaned from record documents and his analysis as an expert. See McNabb, 203 So. 3d at 186 (concluding that the trial court erred in rejecting Dr. Benedict's previous affidavit, which relied on the same evidence, as devoid of factual support).

---

[1]In McNabb, this court reversed a final summary judgment entered in favor of Taylor Elevator in the underlying case. 203 So. 3d at 186. The trial court had ruled that Taylor Elevator established it was not liable as a matter of law by presenting unrefuted evidence that it inspected the elevator machinery three days before the accident and observed no leakage. Id. at 185. In so doing, the court disregarded an affidavit of Dr. Benedict containing many of the same findings as the one in this case.

To the extent the trial court determined that Dr. Benedict made inconsistent findings in the affidavit, that finding was erroneous. According to Dr. Benedict's specific calculations, the leak had been occurring between 4.5 and eighteen days prior to the accident. This finding is consistent with Dr. Benedict's subsequent conclusion that the leak had been occurring for <u>at least</u> twenty-four hours before the accident.

A consideration of Dr. Benedict's affidavit leads to the conclusion that there are disputed issues of material fact regarding whether Bay Village had constructive notice of the dangerous condition. We disagree with Bay Village's assertion that Dr. Benedict's affidavit does not create a disputed issue of material fact regarding notice because Dr. Benedict did not specifically state that the oil had been leaking <u>in the hallway</u> for at least twenty-four hours prior to the accident. This is a reasonable inference from the context of the affidavit, and we are required to interpret the evidence and all reasonable inferences in the light most favorable to McNabb. <u>See Dewar v. Dough Boy Pizza, Inc.</u>, 184 So. 3d 1169, 1170-71 (Fla. 2d DCA 2015).

In conclusion, the trial court erred by discounting Dr. Benedict's affidavit after weighing the witness's credibility and reliability and speculating on McNabb's chance of success. Because Dr. Benedict's affidavit created a genuine issue of material fact regarding whether Bay Village had constructive notice of the oil leak, summary judgment was improper.

Reversed and remanded.

CRENSHAW and SALARIO, JJ., Concur.